## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUAVA, LLC                                    ) | |
|                                               ) | |
|                   Plaintiff,                  ) | |
|                                               ) | |
| v.                                            ) | Civ. A. No. 1:12-CV-11880-FDS |
|                                               ) | |
| JOHN DOE,                                     ) | |
|                                               ) | |
|                   Defendant(s).               ) | |

### DEFENDANTS' JOINT MOTION FOR COSTS AND STAY OF PROCEEDINGS PURSUANT TO FED. R. CIV. P. 41(d), AND FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c), AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 41(d), Defendants 209.6.50.65, 209.6.72.13 and 66.189.69.147 (collectively, "Defendants")[1] respectfully move this Court to order Plaintiff Guava, LLC ("Guava") to pay all costs Defendants incurred in a prior action Guava filed in an Illinois state court, and to stay these proceedings until those costs have been paid. Further, pursuant to Fed. R. Civ. P. 26(c), Defendants move for a protective order requiring Guava to withdraw its subpoenas issued in this action and in related actions where Guava seeks duplicative discovery, causing Defendants undue burden and expense, and to seek no more such discovery until the Court lifts the stay.

The Complaint Guava filed in this Court is based on and includes substantially identical factual and legal claims to those Guava raised in Illinois. To defend the Illinois action, Defendants retained counsel and filed motions to dismiss and to quash subpoenas issued by Guava. One day after the Illinois court stayed the subpoenas and scheduled a hearing on the motions, Guava withdrew its claims against Defendants and opened this action. Guava then duplicated this action in nine other federal courts, without notifying this Court of the prior or concurrent related cases, and set out to issue new versions of the subpoenas, seeking the same information about Defendants.

Relief under Rule 41(d) is appropriate where "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). Though no showing of bad faith is required, Guava's conduct throughout this litigation

---

[1] This motion is brought on behalf each of the three Defendants, denominated by the IP addresses Guava associates with each. *See* ECF No. 1-1. Inexplicably, Guava's Complaint refers to the three distinct Defendants in the singular form, as "John Doe." *See infra* at pp. 3 & 11 (discussing Guava's allegation that it "used geolocation technology to trace the IP addresses of [a single] Defendant to a [single] point of origin" (Compl. ¶ 5, ECF No. 1), though online geolocation tools show that the three IP addresses are in fact located at diverse Massachusetts locations).

supplies ample cause to order payment of costs and attorney's fees and a stay of these proceedings. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996). Furthermore, a protective order pursuant to Rule 26(c) should be issued "for good cause … to protect a party or person from … undue burden or expense." Fed. R. Civ. P. 26(c). Avoiding the burden and expense required to contest identical discovery requests in multiple jurisdictions is good cause for an order staying Guava's discovery through duplicative subpoenas. *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941); *Tocci Bldg. Corp. of N.J., Inc. v. Va. Sur. Co.*, 750 F. Supp. 2d 316, 325 (D. Mass. 2010).

Further pertinent facts and reasons supporting the motion follow.

## STATEMENT OF RELEVANT FACTS

Guava first filed claims against Defendants in *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (*"Guava I"*), in the Circuit Court of Cook County, Illinois, alleging violations of the Computer Fraud and Abuse Act ("CFAA"), trespass to chattels, breach of contract, and civil conspiracy. (*Guava I* Compl. (filed June 29, 2012), attached hereto as Ex. A.) Though Guava named only one defendant, it brought the action, and each cause of action, against "Defendant and his co-conspirators." (*See* Ex. A at ¶¶ 1, 18, 21, 27, 31-33 & 36-38.) Guava was granted authority to issue subpoenas to more than 300 Internet service providers, in pursuit of information identifying an untold number of their subscribers, including Defendants and other alleged co-conspirators. (*Guava I* Agreed Order (entered July 30, 2012), attached hereto as Ex. B.) Dozens of the Internet subscribers contested this third-party discovery in *Guava I*. Defendants 209.6.50.65 and 209.6.72.13 filed a motion to dismiss (attached hereto as Ex. C) and a motion to quash the subpoena (attached hereto as Ex. D) on September 12, 2012. Defendant 66.189.69.147 filed a motion to dismiss (attached hereto as Ex. E) and a motion to quash (attached hereto as Ex. F) on September 25, 2012.

On October 4, 2012, the *Guava I* Court issued an order staying all pending subpoenas and forbidding Guava from issuing any further subpoenas until further order, and setting forth a schedule for an answer, reply, and hearing on the pending motions. (*See Guava I* Order at ¶¶ 1-4 (entered Oct. 4, 2012), attached hereto as Ex. G.) The next day, Guava voluntarily withdrew its subpoenas that sought information about thirty-four of the Internet subscribers, including Defendants, and dismissed them from that action. (*Guava I* Pl.'s Notice of Withdrawal of Subpenas [*sic*] Relating to the Identity of Certain Internet Protocol Address Owners (filed Oct. 5, 2012), attached hereto as Ex. H.)

Defendants opposed Guava's voluntary dismissal at a hearing on November 5, 2012 in Illinois, but the *Guava I* court permitted Guava's voluntary dismissal and declined to rule on Defendants' joint motions to dismiss and quash, assessing no costs against Guava in the prior action.

On October 5, 2012, the same day it noticed dismissal in *Guava I*, Guava opened this action through the ECF system, filing the Complaint four days later. Guava sued Defendants *because* they had filed defensive motions in *Guava I*, as it later informed the Illinois court: "[B]ecause the Movants attempted to act and raise arguments as though they were defendants in this case, Plaintiff granted their wishes and initiated separate litigation against them in which they will now be actual defendants." (*See* Guava I Pl.'s Omnibus Resp. to Outstanding Mots. at p. 1 (filed Nov. 2, 2012), attached hereto as Ex. I.)

Guava claims that the three IP addresses allegedly identifying Defendants all belong to a single individual. (*See* Compl. ¶ 3 & ECF No. 1-1.) However, geolocation tools available for free online (e.g., whatismyipaddress.com) locate those IP addresses in three different towns: Somerville, Brighton, and Chicopee. Moreover, those geolocation tools show that the IP addresses were assigned by two different Internet service providers: Charter Communications, LLC and RCN Telecom Services, Inc. Yet Guava alleges that it has "used geolocation technology to trace the IP addresses of [a single] Defendant to a [single] point of origin within the State of Massachusetts." (Compl. ¶ 5.)

Guava alleges "computer fraud and abuse, civil conspiracy, conversion and negligence arising from unlawful computer-based breaches and data distribution." (Compl. ¶ 1, ECF No. 1.) Similarly, in Illinois state court, Guava alleged "computer fraud and abuse, conversion, breach of contract and civil conspiracy arising from unlawful computer-based breaches and data distribution." (Ex. A at ¶ 1.) Though Guava has replaced its trespass to chattels and breach of contract claims from Illinois with claims of conversion and negligence, the core facts giving rise to Guava's claims are substantively the same. (*Compare, e.g.,* Compl. ¶¶ 10-14 *with* Ex. A ¶¶ 7-11.)

As it had in *Guava I* before discovery was stayed, Guava sought authority from this Court to serve subpoenas on third-party Internet service providers, requiring them to release information identifying Defendants and others. (*See* Pl.'s *Ex Parte* Application for Leave to Take Expedited Discovery, ECF No. 5 at p. 1.) In this action, Guava sought to identify the same thirty-four Internet users who obtained a stay of the same discovery about themselves in *Guava I.* (*Compare* ECF No. 5-1 *with* Ex. H.) On November 14, 2012, this Court granted Guava's discovery request. (ECF No. 6.)

Concurrent with this action, Guava is also suing the Defendants in the Southern District of Alabama. (Compl., ECF No. 1, *Guava LLC v. John Doe*, 12-cv-00678 (S.D. Ala. filed Oct. 26, 2012), attached hereto as Ex. J; *see also id.*, ECF No. 1-2 (filed Oct. 26, 2012), attached hereto as Ex. K.) Guava's thirty-four Alabama defendants are the same Internet subscribers whose identities it seeks in this Court, and whom it voluntarily dismissed from *Guava I*. (*Compare* ECF No. 1-1 in this action *with* Ex. J at ¶ 3 & Ex. K.)

In total, Guava filed ten duplicative federal actions in October, reasserting its claims against some or all of the thirty-four Internet subscribers it dismissed from *Guava I*, not just in this Court and Alabama, but also in Arizona, California, Connecticut, the District of Columbia,[2] Georgia, Illinois, Michigan, and Ohio (hereinafter collectively, for all ten cases, the "parallel actions"). (*See Guava, LLC v. Does 1-5*, 12-cv-08000 (N.D. Ill. filed Oct. 5, 2012); *Guava, LLC v. John Doe*, 12-cv-01435 (D. Conn. filed Oct. 5, 2012); *Guava, LLC v. John Doe*, 12-cv-02514 (E.D. Cal. filed Oct. 5, 2012); *Guava, LLC v. John Doe*, 12-cv-00398 (M.D. Ga. filed Oct. 6, 2012); *Guava, LLC v. John Doe*, 12-cv-14441 (E.D. Mich. filed Oct. 6, 2012); *Guava, LLC v. John Doe*, 12-cv-01661 (D.D.C. filed Oct. 6, 2012); *Guava, LLC v. John Doe*, 12-cv-02512 (N.D. Ohio filed Oct. 8, 2012); *Guava, LLC v. John Doe*, 12-cv-02158 (D. Ariz. filed Oct. 9, 2012)).

By reapplying for the discovery it could not obtain in *Guava I*, Guava has pursued Defendants' identities in at least nine of the ten parallel actions.[3]

Prenda Law, Inc., f/k/a Steele Hansmeier PLLC (hereinafter "Prenda"), Guava's counsel in *Guava I*, often represents adult film company plaintiffs in "copyright troll" litigation, and has been repeatedly reprimanded for improper litigation tactics.[4] Prenda is also Guava's counsel in most if not

---

[2] To date, most of the parallel actions treat Defendants not as parties but as co-conspirators about whom Guava seeks discovery. But it is possible that Guava is now suing Defendants in not two but *three* courts at once. In the District of Columbia action, Guava has not identified the John Doe defendant by an IP address (or addresses), so it is unclear whether Guava regards the Defendants as defendants or non-parties there. Guava listed the thirty-four IP addresses as those of "Defendant and his or her co-conspirators," without alleging which, if any, belong to the defendant in that action. ECF No. 6 p. 2 & 6-1, *Guava, LLC v. John Doe*, 12-cv-01661 (D.D.C. filed Oct. 17, 2012).

[3] Guava did not file its usual list of thirty-four IP addresses along with its motion for expedited discovery in the Michigan action, so Defendants were not specifically identified as targets of that discovery request. See ECF No. 3, *Guava, LLC v. John Doe*, 12-cv-14441 (E.D. Mich. filed Oct. 15, 2012). Guava dismissed the Michigan action with prejudice on November 20, 2012. *Id.*, Pl.'s Notice of Dismissal of Action, ECF No. 4 (filed Nov. 20, 2012).

[4] *See* Adam Langston, Return of the John Doe: Protecting Anonymous Defendants in Copyright Infringement Actions, 41 Stetson L. Rev. 875, 900 n. 192 (Spring 2012) (discussing settlement demand letter from Prenda's John Steele available at http://www.scribd.com/fullscreen/57230736). *See also* pp. 13-15 & nn. 10-11 *infra* (discussing Prenda). *See generally Third Degree Films v. Does 1-47*, No. 12-cv-10761, 2012 U.S. Dist. LEXIS 142079, at *1-10 & *29-32 (D. Mass Oct. 2, 2012) (discussing the "copyright troll" litigation business model).

all of the parallel actions, including at least the cases Guava filed in California, Georgia, Illinois, and the District of Columbia.[5]

Guava did not notify this Court of the prior Illinois state action or of any of the parallel actions. (*See* Civil Cover Sheet, ECF No. 1-2 § VIII (no entry under "Related Case(s) If Any").) Likewise, Guava did not notify any of the other federal courts where it filed its parallel actions of this action, the prior Illinois state action, or its other concurrent actions.

## ARGUMENT

**I.    Rule 41(d) Permits an Award of the Costs, Including Attorney's Fees, of a Previously Dismissed Action When the Plaintiff Refiles the Same Claim.**

Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

"Rule 41(d) is intended to confer broad discretion upon federal courts." *Robinson v. Nelson*, No. 98-cv-10802, 1999 U.S. Dist. LEXIS 2004, at *3 (D. Mass. Feb. 18, 1999) (quotation omitted). *See also Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989) ("As clearly evident from the language of this Rule [41(d)], 'the matter is discretionary with the court.'") (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2375, at 244 (1971). A Court's determination under Rule 41(d) is reviewed for abuse of discretion. *Esposito v. Piatrowski*, 223 F.3d 497, 502 (7th Cir. 2000) (finding no abuse of discretion in award of attorney's fees under Rule 41(d); *see also Evans v. Safeway Stores, Inc.*, 623 F. 2d 121, 122 (8th Cir. 1980) (same); *Meredith v. Stovall*, No. 99-cv-3350, 2000 U.S. App. LEXIS 14553, at *4 (10th Cir. June 23, 2000) (same).

While this Court has little precedent interpreting Rule 41(d), it is "'in accordance with a well settled practice whereby a second action cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid.'" *Hacopian v. United States Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (quoting *Weidenfeld v. Pacific Improvement Co.*,

---

[5] In addition, in the complaints in both Alabama and Michigan, Guava's counsel did not name Prenda as their firm in their signature blocks, but they provided Prenda's Brett Gibbs' email address in place of their own. (*See* Ex. J p. 13; Compl., ECF No. 1 p. 13, *Guava, LLC v. John Doe*, 12-cv-14441 (E.D. Mich. filed Oct. 6, 2012).) Likewise, Prenda was not mentioned by Guava's counsel in its Arizona and Ohio complaints, but Prenda's website displays both among its "Recent Cases Against Soon-to-be-Identified Individuals." *See* http://www.wefightpiracy.com/suits-against-individuals.php (last accessed Dec. 7, 2012). *See also* http://www.wefightpiracy.com/userfiles/John%20Doe%2070_162_31_215(1).pdf (Arizona case) (last accessed Dec. 7, 2012); http://www.wefightpiracy.com/userfiles/Ohio%20Case.pdf (Ohio case) (last accessed Dec. 7, 2012).

101 F.2d 699, 700 (2d Cir. 1939)). "Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996). "The purpose of awarding costs under Rule 41(d) is to compensate the defendant for the unnecessary expense that the plaintiff's litigation has caused." *Garcia v. Fed. Home Loan Mortg. Corp.*, No. 12-cv-00397, 2012 U.S. Dist. LEXIS 122436, at *4 (E.D. Cal. Aug. 28, 2012) (citing *Esquivel*). "There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs." *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) (citing *Esquivel*, 913 F. Supp. at 1388). "Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel*, 913 F. Supp. at 1388.

In addition to compensating plaintiffs for wasted expenses, "Rule 41(d) is an expression of the Court's inherent power to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010). "[T]he intended purpose of Rule 41(d) [is] to deter forum shopping and vexatious litigation." *Blauinsel Stiftung v. Sumitomo Corp.*, No. 99-CV-1108, 2001 U.S. Dist. LEXIS 20746, at *27 (S.D.N.Y. Dec. 14, 2001) (quotation omitted). "Plaintiff's dismissal of one suit in search of a more favorable ruling in another court is precisely the type of forum shopping that Rule 41(d) was enacted to redress." *TM, LLC v. Anderson*, No. 11-cv-00071, 2012 U.S. Dist. LEXIS 139231, at *22 (E.D.N.C. Sept. 27, 2012). "Rule 41(d) is intended to prevent plaintiffs from gaining an advantage through forum shopping, especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else." *Robinson*, 1999 U.S. Dist. LEXIS 2004, at *5-6. "Costs under Fed. R. Civ. P. 41(d) are appropriate when the plaintiff acts with vexatious intent or in an attempt to 'gain any tactical advantage by dismissing and refiling [the] suit.'" *Id.* at *4 (quoting *Sewell v. Wal-Mart Stores, Inc.,* 137 F.R.D. 28, 29 (D. Kan. 1991)). As such, the Court "may take into consideration plaintiff's motive in dismissing the prior action." *Loubier*, 178 F.R.D. at 22 (citing *Zucker*, 708 F. Supp. at 739-40).

"'The costs available under Rule 41(d) have generally been held to include attorney's fees.'" *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quoting 8 Moore's Federal Practice ¶ 41.70[6] (3d ed. 2008)). *See also Loubier*, 178 F.R.D. at 22 ("the courts have

generally allowed the recovery of attorney's fees as part of the costs") (collecting cases); *Esquivel*, 913 F. Supp. at 1388 & 1390 (discussing the "substantial case law suggesting that attorney's fees are awardable" under Rule 41(d)); *Andrews v. America's Living Ctrs., LLC*, No. 10-cv-257, 2011 U.S. Dist. LEXIS 85713, at *5 (W.D.N.C. Aug. 3, 2011) ("a majority of courts, as well as some commentators, have concluded that the rule implicitly authorizes an award of attorneys' fees") (citations omitted). *E.g., Zucker*, 708 F. Supp. at 539; *Jurin*, 695 F. Supp. 2d at 1123.

Construing Rule 41(d) to include fees is consistent with the Rules' use of the term "costs" elsewhere. "In Rule 54(d)(1), for example, the description of taxable costs is entitled 'Costs Other than Attorneys' Fees,' suggesting that the term used without modification may encompass both taxable costs and attorneys' fees." *Esquivel*, 913 F. Supp. at 1390. Also, "[i]t would be inconsistent to [allow an] award of attorneys' fees as a condition of voluntary dismissal under Rule 41(a)(2), but completely prohibit the awarding of such fees when a case that is voluntarily dismissed is refiled under Rule 41(d)." *Esposito*, 223 F.3d at 501 (citing *Esquivel*, 913 F. Supp. at 1391).[6]

If Rule 41(d) did not include attorney's fees as costs, "then the provision has no 'teeth' and is useless." *Behrle v. Olshansky*, 139 F.R.D. 370, 373 (W.D. Ark. 1991). "To interpret 'costs' in Rule 41 (d) to exclude attorney's fees would render that Rule a dead letter, eliminating any deterrence it would provide." *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) (citing *Behrle*).

## II.    Defendants Are Entitled to Reimbursement of Costs They Incurred in the Prior Action, Including Attorney's Fees, and to a Stay of these Proceedings until Payment Is Made.

A stay and award of costs are warranted under Rule 41(d) where "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). The Rule applies here, as Guava dismissed *Guava I* against Defendants, and this refiled action is based on and includes the same claims.

*Guava I* was brought "against Defendant and his coconspirators." (Ex. A ¶ 1.) Likewise, each cause of action was pleaded against "Defendant and his coconspirators." (*See id.* at ¶¶ 18, 21, 27, 31-33 & 36-38; *cf.* ¶ 34 ("Defendant and his joint tortfeasors")). Guava thus made Defendants real

---

[6] Some courts require payment of attorney fees as part of Rule 41(d) costs only when the underlying statute includes a fee-shifting provision. *E.g., Esposito*, 112 F.3d at 501. No First Circuit courts appear to have limited the Rule in that fashion, though several have indicated that the Rule encompasses attorney's fees without reference to an underlying statute. *See, e.g., Banjo Buddies, Inc. v. Renosky*, 182 F. Supp. 2d 142, 143 (D. Me. 2002); *Traudt v. Wood Hollow Trawlers, Inc.*, No. 04-111-ML, 2004 U.S. Dist. LEXIS 21139, at *16 (D.R.I. Sept. 23, 2004) (citing *Banjo Buddies*); *Reynolds v. OneWest Bank, FSB*, No. 11-cv-81, 2011 U.S. Dist. LEXIS 128516, at *16 (D. Vt. Nov. 7, 2011).

parties in interest to the Illinois action. *See, e.g., Allen v. Archer Daniels Midland Co.*, 129 Ill. App. 3d 783, 786 (Ill. Ct. App. 1985) (affirming dismissal of defendant not named in complaint); *Graczyk v. United Steelworkers of Am.*, 763 F.2d 256, 264 (7th Cir. 1985) (affirming dismissal of plaintiffs not named in complaint). "[I]n determining whether a party is named properly in a complaint, courts are not bound necessarily by the caption." *Whitley v. United States Air Force*, No. 90-2498, 1991 U.S App. LEXIS 10239, at *3-4 (7th Cir. Mar. 20, 1991) (collecting cases). "The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them." *Grosso v. Butte Elec. Ry. Co.*, 217 F. 422, 423 (D. Mont. 1914). In particular, when a second action avers conspiracy against defendants who had been identified "in the original complaint as participating in the conspiracy but [who] had not been named as parties defendant at that time ... the second complaint [is] merely a repetition of the first cause of action ..." *Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972). *See also In re El San Juan Hotel Corp.*, 841 F.2d 6, 10-11 (1st Cir. 1988) (citing *Gambocz* with approval and affirming applicability of Rule 41 to alleged conspirators not named in original suit); *cf. Hoover v. Ronwin*, 466 U.S. 558, 575 (1984) (conspiracy claims were "against the state" so governmental entity was the "real party in interest," though not named a defendant) (quoting with approval *Bates v. State Bar of Ariz.*, 433 U.S. 350, 361 (1977)).

Having brought claims against Defendants, Guava voluntarily dismissed them. On October 4, 2012, the *Guava I* Court stayed all subpoenas Guava had issued and scheduled a hearing on Defendants' motions to quash the subpoenas and dismiss the claim, to which Guava had not yet filed responses. The very next day, Guava noticed the dismissal of Defendants from *Guava I* by declaring, "Plaintiff will initiate separate litigation against the owners of those IP addresses, and, at present, does not intend to assert claims against them in this lawsuit." (Ex. H at p. 1.) As such, Guava gave notice that it "withdraws certain subpoenas that it has served in this case ... to the extent that such subpoenas seek information relating to" the IP addresses of Defendants and their alleged co-conspirators. (*Id.*) The notice operated as a voluntary dismissal without prejudice, and it is irrelevant that Guava framed it as a notice of withdrawal. A document filed by plaintiff, whose "effect was to terminate the litigation without prejudice and without any action whatsoever by this Court," is a notice of dismissal within the meaning of Rule 41; the caption of the document "is without legal significance." *Sanchez v. Vaughn Corp.*, 282 F. Supp. 505, 506 (D. Mass. 1968). *See also id.* at 507

(quoting with approval *Wilson & Co. v. Fremont Cake & Meal Co.*, 83 F. Supp. 900, 903 (D. Neb. 1949) ("That the plaintiff denominated it a 'motion' does not alter its actual character. It is its content, not its label that matters.")).

This action, like each of the parallel actions, arises from the same factual allegations that Guava raised in *Guava I*. (*Compare, e.g.*, Compl. ¶¶ 10-14 *with* Ex. A ¶¶ 7-11.) The Complaint again includes the core CFAA and conspiracy counts that Guava raised against "Defendant and his co-conspirators" in *Guava I*, and Guava seeks the same relief.

All three Defendants defended themselves in *Guava I* by retaining counsel in Illinois and filing motions to quash, sever, and dismiss, all at considerable expense. Defendants 209.6.50.65 and 209.6.72.13 also retained counsel in Massachusetts before Guava withdrew its claims. By refiling in federal court in Massachusetts and nine other jurisdictions, Guava left Defendants to bear "costs and fees incurred in the previous action that will not be of use or will require duplication here" or in the parallel actions. *Vasquez v. Hill*, No. 11-cv-01561, 2012 U.S. Dist. LEXIS 149089, at *11 (E.D. Mo. Oct. 17, 2012) (permitting defendant to "demonstrate such costs and fees"). Guava rendered essentially all of Defendants' expenses on the prior action useless, including all attorney's fees for research and arguments on: Illinois state law and civil procedure governing motion practice and the substantive allegations; the trespass to chattels and breach of contract claims that Guava abandoned; Illinois and Seventh Circuit precedent on the CFAA and copyright preemption; state-specific precedents on conspiracy; and Defendants' opposition to Guava's voluntary dismissal.

As detailed in the attached affidavit, Defendants seek reasonable compensation only for costs incurred in *Guava I* that will not contribute to the defense of the current action. (*See* Decl. of Jason Sweet at ¶¶ 7-8, attached hereto as Ex. L.) An award for all such reasonable expenses and attorney's fees under Rule 41(d) is appropriate "to compensate the defendant for the unnecessary expense that the plaintiff's litigation has caused." *Garcia*, 2012 U.S. Dist. LEXIS 122436, at *4. To ensure such compensation and to avoid further needless expense, this action should be stayed pending payment. *See Weidenfeld*, 101 F.2d at 700 (affirming stay "designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter").

**III.     Rule 41(d) is Especially Appropriate to Deter Guava's Vexatious Litigation Tactics.**

Guava's bad faith litigation tactics are precisely the kind of vexatious conduct that Rule 41(d) was designed to prevent. "There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs." *Loubier*, 178 F.R.D. at 22 (citing *Esquivel*, 913 F. Supp. at 1388). However, evidence of bad faith tactics justify an award of costs and attorney's fees. *See Andrews*, 2011 U.S. Dist. LEXIS 85713, at *4-5 ("[A]n award of costs is warranted in this case because Plaintiff ... voluntarily dismissed the first action to avoid an adverse ruling. Plaintiff then re-filed the action *the very same day*.") (emphasis in original). As in *Andrews*, Guava engaged in forum shopping to avoid an adverse decision on discovery, and opened this action against Defendants the same day it dismissed them from the prior action. "Pursuant to Rule 41(d), Plaintiff may not voluntarily dismiss his original suit only to further harass Defendant with renewed allegations of the same claims." *Jurin*, 695 F. Supp. at 1123**.**

Noting a plaintiff's "responsibility of determining the appropriate forum in which to prosecute her case and of establishing that personal jurisdiction exists," the *Esquivel* court found the plaintiff's decision to dismiss and refile in another jurisdiction "without responding to defendants' motion to dismiss for lack of personal jurisdiction appears to have been a recognition that [plaintiff] was vulnerable on the grounds asserted in the motion." *Esquivel*, 913 F. Supp. at 1387. Given that Guava's failure to establish personal jurisdiction was one of the grounds for Defendants' motions to dismiss *Guava I*, Guava's voluntary dismissal before responding to the motions warrants the same conclusion. (*See* Ex. C pp. 6-7; Ex. E pp. 6-7.) Rather than contend directly with Defendants' thorough itemization of the substantive flaws in the *Guava I* complaint, Guava withdrew its claims, only to raise essentially the same claims again in cases across the country. Guava's multiplication of the proceedings forces Defendants to rebuild their arguments from scratch under federal First Circuit law and, in the parallel actions, the laws of nine other District Courts in six other federal Circuits.

Guava admits that it initiated its new claims against only those Does who filed motions to dismiss and quash in *Guava I,* precisely *because* they did so. "[B]ecause the Movants attempted to act and raise arguments as though they were defendants in this case, Plaintiff granted their wishes and initiated separate litigation against them in which they will now be actual defendants." (Ex. I. at p. 1.) "The scattershot litigation strategy of plaintiff's counsel -- filing identical lawsuits nationwide and forcing defendants to defend the same action in various jurisdictions -- is certainly questionable."

*Kerner v. Cult Awareness Network*, 843 F. Supp. 748, 750 (D.D.C. 1994). Sanctions under 18 U.S.C. § 1927 may be warranted by evidence of "bad faith in choosing a multiple-district litigation strategy." *Id.* Guava provided sufficient evidence of bad faith by filing multiple duplicative federal actions in apparent retaliation against Defendants for having defended themselves in the prior action.

Many other aspects of Guava's litigation strategy can only be described as vexatious. In this action, Guava claims to be pursuing a single John Doe defendant with three different IP addresses. Before filing the Complaint in this action, Guava admitted it had "used publicly available reverse-lookup databases on the Internet to determine what ISP issued the IP addresses and the putative location of those IP addresses." (Compl. ¶ 22.) However, freely available online geolocation tools list two of Defendants' IP addresses in different regions of metro Boston (Somerville and Brighton), while the third is in western Massachusetts (Chicopee). Those same geolocation tools identify the three Defendants' IP addresses as having been assigned by two different Internet service providers, both of which Guava subpoenaed in pursuit of an allegedly single defendant. Because they are different people, Defendants filed their motions in *Guava I* on different dates. Thus, Guava had no reason to believe that the three individuals it calls "Defendant" are the same person, and Guava's deceptive pleading has needlessly added to the complexity of Defendants' responses.[7]

Guava's bad faith tactics have further complicated Defendants' defense. Guava chose to file complaints that sound in copyright without pleading copyright infringement as a cause of action.[8] Though the Complaint alleges CFAA violations and various common law claims, it repeatedly references an implicit copyright claim:

- Guava alleges "unlawful reproduction and distribution" of material on its websites. (Compl. ¶ 3.) Reproduction and distribution are two of a copyright owner's exclusive rights. *See* 17 U.S.C. § 106(1), (3).

---

[7] Other Guava claims about the location of its defendants have proven unfounded. Guava's Northern District of Ohio action was dismissed due to improper venue. Though Guava "used geolocation technology to trace the IP address of Defendant to a point of origin within the state of Ohio," the Court determined by "[u]sing publicly available services to look up the location affiliated with [defendant's] IP address" that it is located in the Southern District of Ohio. Order of Dismissal, ECF No. 5, *Guava, LLC v. John Doe*, 12-cv-02512 (N.D. Ohio filed Oct. 16, 2012).

[8] Guava never specifically identifies any property that Defendants allegedly converted or wrongfully accessed, despite multiple vague references to its "information" or "private information." (*See* Compl. ¶ 29 (listing forms of "information" Guava protects without specifying which, if any, may be at issue in this action)). Though Guava attempts to plead around copyright, the Complaint makes obvious that the property at issue is intellectual property on its websites, which is exclusively governed by the Copyright Act.

- Guava alleges that "[t]his Court has personal jurisdiction over the Defendant because, upon information and belief, they either reside in or committed **copyright infringement** within the State of Massachusetts." (Compl. ¶ 5 (emphasis added).)

- Guava claims that venue is appropriate under 28 U.S.C. § 1400(a). (Compl. ¶ 6.) Section 1400 (a) provides the venue for copyright claims.

- Guava alleges that Defendants "interfered with Plaintiff's exclusive rights." (Compl. ¶¶ 56 & 57; *see also id.* at ¶ 60.) *See* 17 U.S.C. § 106 ("Exclusive rights in copyrighted works").

- Guava contends that Defendants have or control some of Guava's "copies of Plaintiff's audiovisual works, photographs, or other materials" – works protected by the Copyright Act. (Compl. p. 12, Prayer for Relief No. 3.) *See* 17 U.S.C. § 102(a) (listing "works of authorship" protected by copyright including "audiovisual works" and "pictorial, graphic, and sculptural works"); 17 U.S.C. § 101 (including photographs in the Act's definition of "pictorial, graphic, and sculptural works").

- Guava demands impoundment of those materials as provided under Title 17 (the Copyright Act). (Compl. p. 12, Prayer for Relief No. 3 (citing 17 U.S.C. §§ 503 & 509(a)).)

- Guava seeks an award of attorney's fees. (Compl. p. 12, Prayer for Relief No. 4.) Such relief is not available under any of the four causes of action pleaded by Guava, as "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser," *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), but the Copyright Act's fee-shifting provision is an exception to that "American Rule." *See* 17 U.S.C. § 505; *Fogerty v. Fantasy*, 510 U.S. 517, 533-34 (1994).

Guava repeated each of the above copyright allegations in all ten federal complaints, but Guava cannot sue under the Copyright Act because it has no copyright registrations in its name. *See* 17 U.S.C. § 411(a); *Airframe Sys. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 105 (1st Cir. 2011). Yet Guava requests remedies provided by the Copyright Act, to protect works covered by the Copyright Act, pursuant to claims of jurisdiction and venue established by the Copyright Act.

Guava's tactical chicanery in misstating its claims, which would be unsupportable if properly pleaded, amounts to litigation in bad faith. "Allegations of misconduct in connection with litigation could include the employment of litigation strategies intended to delay or avoid a decision on the merits, particularly where the misconduct results in increased expense on the part of the prevailing party or strategies strongly suggesting lack of candor." *Gentile v. Sun Hockey, Inc.*, No. 05-cv-01885, 2010 U.S. Dist. LEXIS 13499, at *3 (D. Mass. Jan. 20, 2010) (awarding $179,569.91 in attorney's fees in patent case). *See also Trenwick Am. Reins. Co. v. IRC, Inc.*, 764 F. Supp. 2d 274, 307-09 (D. Mass. 2011) (finding liability under Chapter 93A for engaging in bad faith litigation tactics); *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245 (1st Cir. 2010) ("Litigation conduct qualifies as

'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be so.'") (discussing 28 U.S.C. § 1927) (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)).

Guava's bad faith pleading of common law claims is unavailing, because such claims are preempted by the Copyright Act. 17 U.S.C. § 301(a). *See, e.g., Liberty Media Holdings, LLC v. Tabora*, No. 12 Civ. 2234, 2012 U.S. Dist. LEXIS 94751, at *4-7 (S.D.N.Y. July 9, 2012) (negligence preempted by Copyright Act); *AF Holdings, LLC v. John Doe*, No. 12-cv-02049, 2012 U.S. Dist. LEXIS 125306, at *7-11 (N.D. Cal. Oct. 3, 2012) (same, where plaintiff alleged only negligence, not copyright infringement) (Prenda for plaintiff); *Blake v. Prof'l Coin Grading Serv.*, No. 11-cv-11531, 2012 U.S. Dist. LEXIS 148422, at *45-50 (D. Mass. Oct. 16, 2012) (conversion not a viable cause of action for intellectual property, including copyright); *J&J Sports Prods., Inc. v. Ivahy, Inc.*, No. 10-40109, 2011 U.S. Dist. LEXIS 83339, at *17 (D. Mass. July 29, 2011) ("the Copyright Act preempts the claim of conversion in the context of cable piracy"). By dismissing Defendants from *Guava I* before their motions were heard, Guava postponed addressing the copyright preemption issue raised in Defendants' motions to dismiss. (*See* Ex. C pp. 11 & 13; Ex. E pp. 11 & 13.) That delay extended its window to coerce settlements from the hundreds of other alleged co-conspirators in *Guava I*. Refiling in another jurisdiction with different common law causes of action, Guava seeks yet another improper tactical advantage: to limit the impact that any ruling on preemption by this Court could have on its claims against the untold number of unnamed Does who remain in *Guava I*.[9]

Based on its pleadings, Guava seems to be just another online pay-for-porn provider. (*See generally* Compl. ¶ 11 ("Plaintiff makes [its] websites available only to ... paying members .. who sign up and pay a fee to access Plaintiff's websites.") & p. 12, Prayer for Relief No. 3 (discussing "copies of Plaintiff's audovisual works [and] photographs").) Such adult film companies have lately cluttered the courts with lawsuits filed without a good faith intent to litigate on the merits, in pursuit of potentially extortionate settlements. *See generally Third Degree Films v. Does 1-47*, No. 12-cv-10761, 2012 U.S. Dist. LEXIS 142079, at *1-4 & *33-34 (D. Mass. Oct. 2, 2012) (providing examples of extortionate litigation tactics in recent cases by "copyright trolls," including Prenda

---

[9] Failing to squarely plead copyright may be Guava's attempt to sidestep the impact of recent rulings in this District distinguishing copyright infringers from mere Internet subscribers, against whom copyright owners cannot plausibly allege infringement. *See Third Degree*, 2012 U.S. Dist. LEXIS 142079, at *7 n.6; *Patrick Collins, Inc. v. John Does 1-79*, No. 12-cv-10532, 2012 U.S. Dist. LEXIS 118506, at *15-18 & n.8 (D. Mass. Aug. 22, 2012); *cf. New Sensations v. Doe*, No. 12-cv-11721, 2012 U.S. Dist. LEXIS 159595, at *9-10 n.2 (D. Mass. Nov. 5, 2012). But "artful pleading ... does not make the Copyright Act go away." *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. K.g.*, 448 F. Supp. 244, 257 (D. Mass. 2006), *aff'd*, 510 F.3d 77 (1st Cir. 2007).

clients); *see also id.* at *35-36 (imposing protective measures to ensure plaintiff was not suing to "obtain the defendants' information and coerce settlement with no intent of employing the rest of the judicial process"). Indeed, Guava's vexatious tactics—joining defendants based on tenuous alleged connections; dismissing claims when defendants fight back; roving from jurisdiction to jurisdiction when courts appear resistant; and dressing up copyright infringement claims as other causes of action —come straight from the copyright troll's playbook. Prenda, Guava's attorneys, have exploited these tactics with abandon as one of the country's most notorious and vexatious copyright troll plaintiff law firms, and have been repeatedly reprimanded for using improper litigation tactics.[10] Media coverage of the firm's seamier aspects is also extensive.[11]

In another recent copyright troll case, Chief Magistrate Judge Sorokin highlighted such plaintiffs' potential recourse to judge shopping and repetitive, harassing litigation:

> The Plaintiff Discount Video has stated an intent to dismiss Doe No. 22 from the pending action and file a new, separate individual complaint against this Doe, even though it does not know the identity of the infringer. Such an action smacks of a bad faith effort to harass the third-party subscriber by causing him or her to expend further legal fees in a brand new action, which would merely repeat all that has

---

[10] *See, e.g., AF Holdings, LLC v. Doe*, No. 12-cv-02048, 2012 U.S. Dist. LEXIS 159259, at *4 (N.D. Cal. Nov. 6, 2012) (denying plaintiff leave to amend, citing apparent bad faith of plaintiff's counsel Prenda); *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 12-mc-00150, 2012 U.S. Dist. LEXIS 88369, at *23-24 (D.D.C. June 25, 2012) (reviewing Prenda's "intimidating tactics and oppressive demands"); *Hard Drive Prods. v. Does 1-48*, No. 11-cv-9062, 2012 U.S. Dist. LEXIS 82927, at *14-16 (N.D. Ill. June 14, 2012) (discussing court's discomfort with Prenda's litigation strategy and raising specter of Rule 11); *Hard Drive Prods. v. Does 1-30*, No. 11-cv-345, 2011 U.S. Dist. LEXIS 119333, at *4 n.2 (E.D. Va. Oct. 17, 2011) ("District judges have begun recognizing [John] Steele's representation of these [adult film] companies against multiple Doe Defendants, named without sufficient evidence as to their involvement, as 'effort[s] to shoot first and identify his targets later.'") (quoting *Boy Racer v. Does 1-22*, No. 11-cv-2984, 2011 U.S. Dist. LEXIS 49557, at *1 (C.D. Ill. May 9, 2011)); *Millenium TGA, Inc. v. Doe*, No. 10-cv-5603, 2011 U.S. Dist. LEXIS 94746, at *5 (N.D. Ill. Aug. 24, 2011) ("The court will initiate sanctions proceedings should it determine that plaintiff's counsel [John Steele] has failed to meet his obligations under Rule 11."); *Boy Racer, Inc. v. Does 1-52*, No. 11-cv-02329, 2011 U.S. Dist. LEXIS 103550, at *9 (N.D. Cal. Sept. 13, 2011) (discussing inconsistent representations by Prenda attorney Brett Gibbs; "The court cannot tolerate such legerdemain.").

[11] *See, e.g.,* Timothy B. Lee, *Porn trolling firm dogged by identity theft allegations: Prenda Law stonewalls on claim that it named man CEO without his permission*, Ars Technica (Dec. 11, 2012) (available at http://arstechnica.com/tech-policy/2012/12/porn-trolling-firm-dogged-by-identity-theft-allegations/); Timothy B. Lee, *Porn trolling case thrown out for "attempted fraud on the court,"* Ars Technica (Nov. 30, 2012) (available at http://arstechnica.com/tech-policy/2012/11/porn-trolling-case-thrown-out-for-attempted-fraud-on-the-court/) (Prenda retained outside counsel for plaintiff after denying representing any party, and offered up former Prenda paralegal as corporate representative for plaintiff though he had no authority to act on its behalf); Reyhan Harmanci, *The Pirates And Trolls Of Porn Valley*, BuzzFeed (Aug. 30, 2012) (available at http://www.buzzfeed.com/reyhan/the-pirates-and-trolls-of-porn-valley) (discussing Prenda's "dubious methods," including misleading settlement demand letters and robocalls, and "using the outré nature of the content itself to pressure people to settle"); Nate Anderson, *Judge eviscerates P2P lawyer: "I accepted you at your word,"* Ars Technica (Mar. 9, 2011), *available at* http://arstechnica.com/tech-policy/2011/03/judge-eviscerates-p2p-lawyer-i-accepted-you-at-your-word/ (District Court Judge Milton Shadur found Prenda's filings did not "comply with the subjective and objective good faith requirement" in "ill-considered lawsuit" that "abused the litigation system in more than one way").

occurred to date. ... The course of action the Plaintiff has stated it intends to pursue also suggests an improper effort to engage in judge shopping and evidences a disregard for the Court's limited resources.

Order on Pending Motions for Ex Parte Discovery and Order to Show Cause, *Discount Video Ctr., Inc. v. Does 1-29*, No. 12-cv-10532, slip op. at 6 (D. Mass. Nov. 7, 2012). As Judge Sorokin noted, applying Rule 41(d) is the proper response. "The Federal Rules specifically address this situation and authorize an award of fees and costs." *Id.* (citing Fed. R. Civ. P. 41(d) & 45(c)(1)).

Guava has placed Defendants in an even worse position. Concerning allegations previously raised and voluntarily dismissed, Guava has now sued Defendants in Massachusetts and Alabama; and seeks their identities in at least eight different jurisdictions. This multiplies the undue burden typically imposed by copyright trolls, "because of what is likely to transpire once Plaintiff's counsel [Prenda] obtains the identifying information of the subscribers." *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 12-mc-00150, 2012 U.S. Dist. LEXIS 88369, at *23-24 & n.8 (D.D.C. June 25, 2012) (reviewing Prenda's "intimidating tactics and oppressive demands," including $3,400 settlement demand letter sent by Prenda with "an unsigned memorandum containing a purported legal analysis" asserting the "rather dubious proposition" that any subscriber may be liable through negligence "for any infringing activity that passes through her Internet router"). This is not Prenda's first experience with forum shopping, or with dismissing claims to avoid facing motions to dismiss or to quash subpoenas. *See id.* at *1-5 (Prenda client voluntarily dismissed complaint nine days after filing, then filed new complaint in another district and sought discovery regarding same 939 IP addresses; "a very likely explanation for Millennium's dismissal ... is that the undersigned had previously imposed restrictions upon plaintiffs [in similar matters] and Millennium therefore preferred to litigate before what it considered to be a more favorable forum"). *See also Abrahams v. Hard Drive Prods*, No. C-12-01006, 2012 U.S. Dist. LEXIS 162168 (N.D. Cal. Nov. 13, 2012) (Prenda client voluntarily dismissed two overlapping suits against same defendant); *cf. Hard Drive Prods. v. Does 1-30*, No. 11-cv-345, 2011 U.S. Dist. LEXIS 119333, at *9 (E.D. Va. Oct. 17, 2011) (describing threatening phone call made by Prenda attorney John Steele to defendant, and noting that "when any Doe Defendant in [similar BitTorrent copyright cases] has filed a motion to sever, Plaintiffs have hastily and voluntarily dismissed that Doe Defendant as a party in the matter to avoid the issue being presented to the Court for a resolution.").

This Court should exercise its discretion under Rule 41(b) to award Defendants their *Guava I* costs, including attorney's fees, to wit, $40,242.91 (*See* Ex. L, Decl. of Jason Sweet at ¶ 11), and stay this action until payment is made.

### IV.    For Good Cause, the Court May Issue A Protective Order Pursuant to Rule 26(c).

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

Fed. R. Civ. P. 26(c)(1) (in pertinent part).

"[I]f a party or any person from whom discovery is sought shows good cause, a court may issue a protective order that either prohibits the discovery or prescribes its scope and nature." *Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-CV-40007, 2012 U.S. Dist. LEXIS 54216, at *29-30 (D. Mass. Apr. 18, 2012). "[A] party may move for a protective order 'regardless of whether [it] is seeking to prevent disclosure of information by a nonparty, as long as the moving party can tie the protected information to an interest listed in the rule, such as annoyance, embarrassment, etc.'" *Id*. at *32 (quoting *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001, 2008 U.S. Dist. LEXIS 101838, at *4 (D. Ariz. Dec. 8, 2008)).

The Court must limit any discovery that it finds "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). "Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 402 (1st Cir. 2005). A District Court discovery order will be disturbed on appeal only "upon a clear showing of manifest injustice." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 186 (1st Cir. 1989).

The Court's powers include the authority to enjoin other proceedings altogether. "A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Austin v. Douglas G. Peterson & Assocs.*, 2012 U.S. Dist. LEXIS 91882, at *3 (D. Mass. June 20, 2012) (citations omitted). "Such injunctions, which complement the award of monetary sanctions for vexatious litigation, are standard remedies for misconduct in litigation." *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010) (citations omitted). Staying duplicative discovery in parallel proceedings is therefore well within the Court's power. "[T]he potential for duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay." *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-

CV, 2009 U.S. Dist. LEXIS 19906, at *2 (W.D. Mo. Mar. 12, 2009) (internal quotation omitted). "Where a case is in the early stages of litigation … a court may avoid duplicative efforts by granting a motion to stay." *Perricone v. Unimed Nutritional Servs.*, No. 01-CV-512, 2002 U.S. Dist. LEXIS 17613, at *8-9 (D. Conn. July 18, 2002).

**V.    There Is Good Cause for an Order to Protect Defendants from Undue Burden or Expense.**

As discussed above, in pursuit of Defendants' identities, Guava has applied for leave to issue third-party subpoenas to Defendants' Internet service providers, in *Guava I*, in this action, and in at least eight other federal cases. The discovery Guava seeks in its parallel actions would unreasonably duplicate any discovery Guava may obtain in this Court. Furthermore, Guava's subpoenas issued in other courts threaten to void the effect of any stay this Court orders, absent a protective order extending the stay to Guava's parallel discovery requests. Therefore, to encourage a uniform and efficient resolution of each case, the Court should further order Guava, pursuant to Rule 26(c), to (1) withdraw any subpoena issued in this or any parallel action, (2) give notice of the Court's order to the Internet service providers, instructing them to stay their responses to any subpoena issued by Guava in this or any other parallel action, (3) give notice of this action and of the Court's order to each court in which a parallel action is pending,[12] and (4) issue no further subpoenas seeking discovery relating to Defendants in this or any other action until the Court lifts the stay.

Good cause for such a protective order exists because the discovery sought in the parallel actions imposes a significant burden on Defendants and would yield an improper benefit to Guava. Without a protective order limiting discovery in other proceedings, Defendants will be forced to contest discovery in multiple courts or risk being subjected to extortive settlement demands. This would cause Defendants extreme prejudice. *See Schering Corp. v. Caraco Pharm. Labs., Ltd.*, No. 06-14386, 2007 U.S. Dist. LEXIS 41020, at *8-9 (E.D. Mich. June 6, 2007) (granting motion to stay action where "danger of unfair prejudice to [party] is substantial"; if party "is required to litigate identical issues in parallel actions, it will be forced to incur an unwarranted duplication of effort and expense," including expenses of separate discovery in each jurisdiction). A proper protective order

---

[12] As discussed *supra*, at least two of Guava's parallel federal cases filed in October have been dismissed. Order of Dismissal, ECF No. 5, *Guava, LLC v. John Doe*, 12-cv-02512 (N.D. Ohio filed Oct. 16, 2012); Pl.'s Notice of Dismissal of Action, ECF No. 4, *Guava, LLC v. John Doe*, 12-cv-14441 (E.D. Mich. filed Nov. 20, 2012).

would limit the burden on Defendants to oppose identical discovery requests, avoid rewarding Guava's strategic gamesmanship, prevent piecemeal litigation, and conserve judicial resources.

Requiring Defendants to contest identical concurrent discovery in multiple District Courts would unduly burden both Defendants and the Courts. "The uncertainty and duplicative costs of any such re-litigation would constitute a significant hardship [on litigant] not to mention an unnecessary drain on judicial resources." *Tocci Bldg. Corp. of N.J., Inc. v. Va. Sur. Co.*, 750 F. Supp. 2d 316, 325 (D. Mass. 2010) (assessing issue of ripeness). "The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. … Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).

## VI.   Conclusion.

Wherefore, Defendants 209.6.50.65, 209.6.72.13 and 66.189.69.147 respectfully move this Court, pursuant to Fed. R. Civ. P. 41(d), to order Plaintiff Guava, LLC to pay Defendants' costs in the prior action including attorney's fees, and to stay these proceedings until such costs have been paid; and further, for good cause shown pursuant to Fed. R. Civ. P. 26(c), to order Guava, LLC to (1) withdraw any subpoena issued in this or any parallel action, (2) give notice of the Court's order to the Internet service providers, instructing them to stay their responses to any subpoena issued by Guava in this or any other parallel action, (3) give notice of this action and the Court's order to each court in which any other parallel action is open, and (4) issue no further subpoenas seeking discovery relating to Defendants in this or any other action until the Court lifts the stay.

Dated: December 13, 2012

Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883
dbooth@boothsweet.com

Counsel for Defendants

**CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(C)(1) AND LOCAL RULE 7.1(A)(2)**

I, Dan Booth, hereby certify that on December 12 and 13, 2012, I conferred with counsel for Plaintiff Guava, LLC by telephone and email correspondence in a good faith attempt to resolve or narrow the issues raised in this motion without court action, but was unable to do so.

/s/ Daniel G. Booth

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to any identified non-registered participants for whom a mailing address is provided.

/s/ Daniel G. Booth