IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| GUAVA LLC, | ) | 2012L007363 |
|     Plaintiff, | ) | CALENDAR/ROOM W |
| v. | ) No. | TIME 00:00 |
| SKYLER CASE, | ) | Breach of Contract |
|     Defendant. | ) | COMPLAINT |
| | ) | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, GUAVA LLC, ("Guava") by and through its attorney and complains of the Defendant, SKYLER CASE, an individual, upon personal information as to its own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF THE ACTION

1. This is an action against Defendant and his coconspirators for computer fraud and abuse, conversion, breach of contract and civil conspiracy arising from unlawful computer-based breaches and data distribution. By this action, Guava seeks, *inter alia*, compensatory damages, punitive damages and attorney's fees and costs.

### PARTIES

2. Plaintiff is a limited liability company that operates protected computer systems, including computer systems accessible in Cook County, Illinois.

3. Defendant is an individual who participated in a conspiracy to breach Plaintiff's computer systems and distribute Plaintiff's protected information to substantial numbers of fellow Internet-based coconspirators.

1

## VENUE

4. Venue is proper pursuant to 735 ILCS 5/2-101 as Plaintiff's computer systems were at all times relevant to this action accessible to individuals in Cook County, Illinois. Further, actual unlawful accesses and subsequent distributions by members of the conspiracy in which Defendant participated occurred in Cook County, Illinois. Further, a disproportionate amount of the activities alleged herein occurred in Cook County, Illinois.

5. An actual case or controversy has arisen between the parties.

6. Plaintiff has been injured by Defendant's conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

### General Background

7. Plaintiff operates protected computer systems, including protected computer systems that are accessible in Cook County, Illinois.

8. Plaintiff's computer systems store valuable information that is not accessible to the general public.

9. Plaintiff's computer systems are regularly targeted by hackers who wish to gain unauthorized access to Plaintiff's valuable information.

10. When hackers successfully breach Plaintiff's protected systems, they and their fellow co-conspirators distribute the misappropriated information in a highly-coordinated manner to their fellow Internet-based co-conspirators.

11. The process of probing Plaintiff's defenses, breaching Plaintiff's protected systems and distributing misappropriated information is an ongoing problem that continues to this day.

### Plaintiff Retains Computer Forensics Firm

12. In response to the existential threat posed to its business by the unlawful activities described in the foregoing paragraphs, Plaintiff retained a computer forensics firm to capture and analyze the digital evidence associated with the unlawful activities.

13. The computer forensics firm collected data regarding the nature of the unlawful activity and identifying information associated with the computers being used to conduct such activities.

14. The computer forensics firm has identified Internet Protocol ("IP") addresses that are associated with the conspiracy to breach Plaintiff's protected systems and distribute misappropriated information. IP addresses are numbers assigned to devices, such as computers, that are connected to the Internet.

### The Defendant's Conduct

15. Plaintiff's agents identified Defendant participating in the conspiracy to breach Plaintiff's protected systems and distribute the misappropriated information.

16. In response to questioning by Plaintiff's agents, Defendant admitted the existence of and his participation in the conspiracy.

### COUNT I

### AND AS FOR A FIRST CAUSE OF ACTION

### VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

### 18 U.S.C. § 1030

17. The allegations contained in the preceding paragraphs are incorporated by reference in this Count as if fully restated herein.

18.     Defendant and his coconspirators breached Plaintiff's security systems on dates ranging from early 2011 to the present day. The attacks are ongoing. The tactics employed by Defendant and his coconspirators have included structured query language injection attacks, brute force attacks and social engineering.

19.     Plaintiff's computers are involved in interstate and foreign commerce and communication and are protected computers under 18 U.S.C. § 1030(e)(2).

20.     Upon information and belief, Defendant knowingly and with intent to defraud accessed Plaintiff's computers without authorization and induced his coconspirators to access Plaintiff's computers without authorization or in excess of authorization as defined by Plaintiff's terms of service, and by means of such conduct, obtained compensation from his co-conspirators in violation of 18 U.S.C. § 1030 (a)(2) and (a)(4).

21.     Upon information and belief Defendant conspired with his coconspirators to violate 18 U.S.C. § 1030 (a)(2) and (a)(4) in violation of 18 U.S.C. § 1030(b).

22.     Defendant's conduct caused a loss to Plaintiff during a one-year period in excess of $5,000, including fees paid to its computer forensics agents, fees paid to legal counsel, fees paid to secure its systems, fees paid to investigators and bandwidth fees.

23.     Plaintiff has been damaged by the foregoing actions, including by being forced to expend resources to investigate the unauthorized access and abuse of its computer systems. Plaintiff seeks compensatory and other equitable relief under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

24.     Plaintiff has suffered irreparable and incalculable harm and injuries resulting from Defendant's conduct, which harm will continue unless Defendant is enjoined from further unauthorized use of Plaintiff's protected computers. Plaintiff has no adequate remedy at law.

## COUNT II

### AND AS FOR A SECOND CAUSE OF ACTION

### TRESPASS TO CHATTELS

25. The allegations contained in the preceding paragraphs are incorporated by reference in this Count as if fully restated herein.

26. Plaintiff is in possession of computer hardware and valuable information.

27. Defendant and his coconspirators dispossessed Plaintiff of its computer hardware and intermeddled with Plaintiff's computer hardware by consuming inordinate amounts of bandwidth, placing excessive demands on the computer hardware's processors and memory and otherwise manipulating Plaintiff computer systems. Defendant and his coconspirators dispossessed Plaintiff of its valuable information and intermeddled with Plaintiff's valuable information by unlawfully accessing the information and distributing the information among members of the conspiracy.

28. Plaintiff has been damaged by the foregoing actions, including by being forced to expend resources to investigate the unauthorized access and abuse of its computer systems. Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

## COUNT III

### AND AS FOR A THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

29. The allegations contained in the preceding paragraphs are incorporated by reference in this Count as if fully restated herein.

30. Use of and access to Plaintiff's protected computers is governed by terms and conditions. At all times relevant to this dispute, the terms and conditions of Plaintiff's computer

systems prohibit accessing the valuable information on Plaintiff's computers without Plaintiff's permission.

31. Defendant and his coconspirators affirmatively accepted Plaintiff's website's terms and conditions by accessing Plaintiff's computer systems. Plaintiff's terms and conditions prohibit unlawful accesses to its valuable information and subsequent distributions of the information.

32. Defendant and his coconspirators, through their actions as described above, knowingly, willfully, repeatedly and systematically breached Plaintiff's the terms and conditions of Plaintiff's computer systems through their conduct as alleged in this Complaint.

33. Defendant and his coconspirators breaches include, but are not limited to, unlawfully accessing Plaintiff's protected systems and obtaining Plaintiff's valuable information.

34. Defendant and his joint tortfeasors' breaches of Plaintiff's terms and conditions directly and proximately caused, and continue to cause, Plaintiff irreparable harm and injury.

## COUNT IV

## AND AS FOR A FOURTH CAUSE OF ACTION

### CIVIL CONSPIRACY

35. The allegations contained in the preceding paragraphs are incorporated by reference in this Count as if fully restated herein.

36. Defendant and his coconspirators agreed to participate in concerted activity to attempt to breach and actually breach Plaintiff's protected computer systems, unlawfully access Plaintiff's valuable information and distribute that information amongst one another. The agreements took the form of express agreements on underground message boards and can be

inferred from the active participation of each of Defendant and the coconspirators in the mutual plan.

37. The injury caused by the Defendant and his coconspirators included Plaintiff's fees paid to its computer forensics agents, fees paid to legal counsel, fees paid to secure its systems, fees paid to investigators, bandwidth fees, lost profits and potential liability from the unlawful distribution of the valuable information.

38. Defendant and his coconspirators committed overt acts in furtherance of the common scheme. First, members of the conspiracy attempted to breach Plaintiff's security systems through structured query language injection attacks, brute force attacks and social engineering. Second, members of the conspiracy succeeded in bypassing Plaintiff's security systems and unlawfully accessing Plaintiff's protected computers. Third, members of the conspiracy gained unlawful access to Plaintiff's valuable information. Finally, members of the conspiracy distributed the valuable data among themselves.

39. Plaintiff has been damaged by the foregoing actions. Plaintiff seeks damages in an amount to be determined at trial.

### GENERAL

40. Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed or have occurred.

41. Plaintiff demands a jury trial

*[Intentionally left blank]*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUAVA LLC accordingly and respectfully demands judgment against Skyler Case as follows:

1) That GUAVA LLC be awarded general compensatory damages in an amount to be determined at trial;

2) That GUAVA LLC be awarded punitive damages in an amount to be determined at trial;

3) That GUAVA LLC be awarded its attorney's fees and costs in this action; and

4) An order that Defendant is jointly and severally liable to GUAVA LLC in the full amount of the Judgment on the basis of a common law claim for civil conspiracy, jointly and severally, in an amount to be determined at trial;

5) That GUAVA LLC be awarded any such other and all relief to which GUAVA LLC may be entitled as a matter of law and as deemed appropriate by this Court.

*[Handwritten: 6) Amount: $150,000.00       By: PG]*

Respectfully submitted,

GUAVA LLC,
Plaintiff

By: _____
     One of its attorneys

Paul A. Duffy, Esq.
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
312-952-6136

Dated: June 29, 2012