IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUAVA, LLC ) <br> ) <br> ) <br>       Plaintiff, ) <br>    v. ) <br> ) <br> JOHN DOE, ) <br> ) <br> ) <br>       Defendant. ) <br> ) <br>_____) | Civil A. No.: 1:12-CV-11880-FDS |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR COSTS, STAY OF PROCEEDINGS, AND PROTECTIVE ORDER**

Three anonymous individuals claiming to be associated with Internet Protocol ("IP") addresses 209.6.50.65, 209.6.72.13, and 66.189.69.147, respectively ("Movants") have filed, through attorney Daniel Booth, a motion for costs, a stay of the proceedings, and a protective order. (ECF No. 7.) Movants argue that because they were defendants in a prior action involving Plaintiff, and are now defendants in the present action, and because Plaintiff's subpoenas subject them to "undue burden or expense," the Court should grant their requested relief. (*Id.*) Movants have a fundamental misunderstanding of what constitutes a defendant. Movants were neither a defendant in any previous action involving Plaintiff, nor are they defendants in this action. Further, Movants do not face an "undue burden or expense" because Plaintiff's subpoenas were issued to Internet Service Providers ("ISPs") and not Movants, so Movants are not subject to ***any*** burden or any expense as a result of their ISPs' compliance with the subpoena. For these reasons, as more fully set forth below, the Court should deny Movants' motion.

**FACTUAL BACK GROUND**

On June 29, 2012 Plaintiff commenced an action against a lone defendant, Skyler Case, for unlawful computer-based breaches in the circuit court of Illinois. Compl., *Guava, LLC v.*

1

*Skyler Case*, No. 2012-L-007363 (Ill. Cir. Ct. 2012); (*see also* ECF No. 7-1). Plaintiff alleged that Mr. Case had participated in a civil conspiracy to breach Plaintiff's protected computer systems. (*Id.* ¶¶ 35-39.) Plaintiff sought to hold Mr. Case, *inter alia*, "jointly and severally liable to GUAVA LLC in the full amount of the Judgment" on the basis of that conspiracy." (*Id.* at 8.) In order to determine the extent of that conspiracy, the Illinois circuit court permitted Plaintiff to issue subpoenas on several Internet Service Providers ("ISPs") to identify Mr. Case's unknown co-conspirators. July 30, 2012 Order, *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (Ill. Cir. Ct. 2012); (*see also* ECF No. 7-2).

Plaintiff issued its subpoenas to the relevant ISPs shortly thereafter, and the ISPs notified their subscribers of the pending subpoenas. Several of the ISPs' subscribers filed various motions challenging Plaintiff's subpoenas. (*See, e.g.*, ECF Nos. 7-3, 7-4, 7-5, 7-6.) The Illinois circuit court stayed Plaintiff's subpoenas until it could rule on all outstanding motions. Oct. 4, 2012 Order, *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (Ill. Cir. Ct. 2012); (*see also* ECF No. 7-7). Plaintiff did not amend its complaint, nor did it seek to hold anyone but Mr. Case liable to Plaintiff for his computer-based breaches in the Illinois circuit court. Nor did Plaintiff dismiss the defendant from the Illinois action. The case is still pending in the Cook County, Illinois Circuit Court.

Plaintiff commenced the instant action on October 9, 2012 against an unknown defendant—John Doe. (ECF No. 1.) Plaintiff sought the Court's authorization to issue subpoenas on various ISPs to identify the Defendant and his co-conspirators in order to hold the Defendant liable for his actions. (ECF No. 5.) The Court granted this request on November 14, 2012. (ECF No. 6.) Plaintiff served its subpoenas on Movants' ISPs shortly thereafter. Plaintiff has not yet named and served a defendant in this action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 41 ("Rule 41") states that "[i]f a plaintiff who *previously dismissed an action* in any court files an action based on or including the same claim against *the same defendant*, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d) (emphasis added). The rule is permissive in nature and does not require the issuance of an automatic stay. *United Transportation Union v. Maine Central Railroad Corp.,* 107 F.R.D. 391, 392 (D.Me. 1985) (citing 5 MOORE'S FEDERAL PRACTICE ¶ 41.16, at 41-224).

Federal Rule of Civil Procedure 26 states that "*a party* or *any person from whom discovery* is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1) (emphasis added).

## ARGUMENT

Purely and simply, Movants are not entitled to costs or a stay of the proceedings because they were not defendants in the original Illinois circuit court action and, therefore, were neither dismissed from a previous action or the same defendants as a previous action. Defendants fail to show that the direct and clear language of Rule 41(d) fits in this situation. Further, Movants are not entitled to a protective order because they are not the recipient of Plaintiff's subpoenas, and therefore, face no burden or expense as a result of their ISPs' compliance.

///

///

I. **MOVANTS ARE NOT ENTITLED TO COSTS OR A STAY OF THE PROCEEDINGS**

There are two critical flaws in the Movants' request for costs and a stay of the proceedings. First, *Movants were not defendants in the original Illinois circuit court action*. A defendant is defined as "a person sued is a civil proceeding or accused in a criminal proceeding" Black's Law Dictionary (9th ed. 2009). Movants were not sued in the Illinois circuit court case. Compl., *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (Ill. Cir. Ct. 2012); (*see also* ECF No. 7-1). Plaintiff brought the action in Illinois against a single Defendant: Skyler Case. *Id.* Plaintiff did not name the Movants as defendants. *Id.* Plaintiff did not use a pseudonym, such as "John Doe," as a stand-in for naming the Movants as defendants. *Id.* Plaintiff did not seek to hold the Movants liable to Plaintiff as a result of the actions taken by the lone defendant, Skyler Case. *Id.*

Movants claim that Plaintiff "dismissed them from that action," but provide no evidence of any dismissal. (*See generally* ECF No. 7.) Indeed, no one has been dismissed from the action pending in Illinois, and that action is still pending against Defendant Case (i.e. the *only defendant* in that case). Movants provide extensive evidence that Plaintiff simply withdrew its subpoenas in regards to the Movants in compliance with the Illinois court's order staying the subpoenas. (ECF No. 7-8 at 1) ("Plaintiff, GUAVA LLC, by and through its undersigned counsel and pursuant to this Court's Orders and other governing law, hereby submits notice to the Court that it withdraws certain subpoenas . . . ."). Plaintiff even explicitly stated that it was not seeking to hold Movants liable in the litigation before the Illinois circuit court. (*Id.*) ("Plaintiff . . . does not intend to assert claims against them in this lawsuit."). Rule 41's requirement that Plaintiff must have dismissed the defendant from a previous action has clearly not been met. *Beam Laser Systems, Inc. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515, 519 (E.D. Va. 2000) (holding

that Rule 41(d) does not apply because the plaintiff "did not dismiss the action in Massachusetts and then bring the action in the Eastern District of Virginia.").

Movants cite to a series of cases for the proposition that non-defendants can be dismissed from an action. (ECF No. 7 at 8.) None of these cases stand for the proposition that Rule 41 applies even when the moving entity was not a defendant in a previous case. (*Id.*) In *Allen v. Archer Daniels Midland Co.*, 129 Ill. App.3d 783, 786 (Ill. Ct. App. 1985) and *Graczyk v. United Steelworkers of Am.*, 763 F.2d 256, 264 (7th Cir. 1985), for example, the respective Courts held that if a complaint is defectively amended to name additional parties to the action, those parties can move to dismiss the amended complaint due to that defect. The moving parties only became non-parties retroactively once it was determined that the complaint was defectively filed. This situation has not occurred here, and neither of these cases was in regards to Rule 41. Indeed, the only decision Movants claim is in regards to the applicability of Rule 41, *In re El San Juan Hotel Corp.*, 841 F.2d 6 (1st Cir. 1988), does not, in fact, have anything to do with Rule 41 (and does not even mention Rule 41), but instead was solely in regards to res judicata. Plaintiff is unaware of, and Movants fail to cite to, any decision for the proposition that a moving entity is entitled to costs or a stay of the proceedings pursuant to Rule 41 when they were not previously defendant, which is the scenario raised here. (*See generally* ECF No. 7.)

Movants' second critical flaw is that they are not even defendants in this instant action. Plaintiff brought this action against an unknown defendant—John Doe. (ECF No. 1.) Plaintiff *plans* on amending its complaint to name and serve *an actual defendant* in this action, but until that time, the only party to this litigation is Plaintiff. Again, a defendant is defined as "a person sued is a civil proceeding or accused in a criminal proceeding" Black's Law Dictionary (9th ed. 2009). Movants' claims that they are defendants in this action are premature, as they may never

be named and served in this case. Right now, Plaintiff only requests the identity of IP addresses subscriber through its discovery request, which was previously granted by the Court. At that point, and only at that point, will Plaintiff take that information provided by the ISP, perform a further investigation, and decide whom (and if) to name as the Defendant in this suit, and amend the Complaint accordingly. Until that time, there is no identified Defendant in this action. If it were that easy, Plaintiff would have simply named a defendant from the beginning and forgone it's motion. However, it is more complicated, and, at this point, there is no ascertainable possible defendant, let alone even a prospect of one, prior to getting the information back from the ISP and investigating from that point. Rule 41's requirement that Plaintiff file an action "against the same defendant" has also not been met.

Lastly, Rule 41 only applies when a plaintiff "previously dismissed an action" and files another action "against the same defendant." Fed. R. Civ. P. 41(d). Neither of these requirements has been met here, and Movants fail to show otherwise. As a result, the Court must deny Movants request for costs and for a stay of the proceedings.

## II. MOVANTS ARE NOT ENTITLED TO A PROTECTIVE ORDER

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). As explained above, Movants are not parties to this case as no one has yet been named or served. Nor are Movants persons from whom discovery is sought. Plaintiff sought (ECF No. 5), and was granted (ECF No. 6), discovery from ISPs. All subpoenas issued pursuant to the Court's order of November 14, 2012 (*id.*) were issued to nonparty ISPs. Movants, therefore, lacks standing to move for a protective order.

6

Furthermore, Movants do not qualify for such an order, as Movants are not subject to Plaintiff's subpoenas, and, thus, do not face any "annoyance, embarrassment, oppression, or undue burden or expense." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1).

## CONCLUSION

Movants are not entitled to costs or a stay of the proceedings under Rule 41 because they were not defendants in the original Illinois circuit court action and, therefore, were neither dismissed from a previous action nor the same defendants as a previous action. Movants are not entitled to a protective order under Rule 26 because they are not the recipients of Plaintiff's subpoenas, and, therefore, face no burden or expense as a result of their ISPs' compliance. The Court should deny Movants' motion in its entirety.

Respectfully submitted,

Guava, LLC

DATED: December 27, 2012

By:   /s/ Daniel G. Ruggiero
Daniel G. Ruggiero, Esq.
P.O. Box 291
Canton, MA 02021
Telephone: (339) 237-0343
Fax: (339) 707-2808
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 27, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Daniel G. Ruggiero
Daniel G. Ruggiero