## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| GUAVA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. A. No. 1:12-cv-11880-FDS |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

_____

### DEFENDANTS' REPLY TO PLAINTIFF'S REPOSNSE TO MOTION FOR COSTS, STAY OF PROCEEDINGS, AND PROTECTIVE ORDER

According to Plaintiff Guava, LLC ("Plaintiff"), "the only party to this litigation is Plaintiff." Pl.'s Response, ECF No. 9 at p. 5. Plaintiff seeks to turn litigation into a shell game in which Defendants never have standing to defend themselves. For the reasons discussed hereunder, Plaintiff's Response provides no reason to deny relief under Rule 41(d) or Rule 26(c). Instead, Plaintiff's argument provides a basis for dismissal under Rule 12(b)(1).

**I.**      **If accepted by the Court, Plaintiff's argument that it is the only party to this action would require dismissal.**

In the prior action in Illinois state court, *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (*"Guava 1"*), Plaintiff accused Defendants 209.6.50.65, 209.6.72.13 and 66.189.69.147 (collectively, "Defendants") of conspiracy, making them defendants in all but name.[1] *See* ECF No. 7 at pp. 2-3. Plaintiff does not bother to deny its bad faith in withdrawing Defendants from the prior action and refiling its claims against them, but contends that they are non-parties without standing to object. "Plaintiff *plans* on amending its complaint to name and serve *an*

_____

[1] Not coincidentally, Skyler Case, the named defendant in the original action, appears to have been a defendant in name only. Case "admitted the existence of and his participation in the conspiracy." ECF No. 7-1 ¶ 16. Case readily agreed to Plaintiff's order authorizing discovery about Defendants and thousands of other alleged co-conspirators. See ECF No. 7-2 & ECF No. 7-9 at p. 2. The Judge suspected that his unusually cooperative stance showed collusion, asking counsel for Plaintiff and Case at a September 25, 2012 hearing, "Are you in bed with each other?" Ten days later, Plaintiff withdrew its claims against Defendants and opened this action.

*actual defendant* in this action, but until that time, the only party to this litigation is Plaintiff." ECF No. 9 at p. 5 (emphasis in original). Plaintiff claims it will at some point "decide whom (*and if*) to name as the Defendant in this suit, and amend the Complaint accordingly." *Id*. p. 6 (emphasis added). For now, "there is no ascertainable possible defendant, let alone even the prospect of one…" *Id*. So Plaintiff contends that Defendants' "claims that they are defendants in this action are premature, as they may never be named and served in this case." *Id*. pp. 5-6.

Plaintiff's argument requires dismissal under Article III. If Plaintiff is the only party in this action, then filing suit was premature. "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, No. 11-982, 586 U.S. ___, slip op. at 3-4 (Jan. 9, 2013) (internal quotations omitted). "With no defendant there is no case or controversy and thus no jurisdiction for this Court to act." *Whitehead v. Savannah Fire Dep't*, No. CV411-229, 2011 U.S. Dist. LEXIS 128816, at *2 (S.D. Ga. Nov. 8, 2011); *see also Xechem Int'l, Inc. v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 382 F.3d 1324, 1332 (Fed. Cir. 2004) ("with no defendant, there is no suit"). Plaintiff's solitary version of litigation has no place in the federal courts. As Plaintiff conceded in the prior action, "courts only have subject matter jurisdiction over justiciable matters, which are matters in controversy between an actual plaintiff and an actual defendant." ECF No. 7-9 at p. 3. The Court should order Plaintiff to show cause why its one-party suit should not be dismissed.

## II.    Defendants have standing to seek relief pursuant to Rule 41(d).

Plaintiff contends that Rule 41(d) does not expressly apply because Defendants were not named defendants in *Guava I*. *See* ECF No. 9 at p. 2 (Plaintiff did not "seek to hold anyone but Mr. Case liable ... in the Illinois circuit court"). Plaintiff argued the same point in the prior action, alleging that Defendants had no standing to move to dismiss or oppose discovery. See ECF No. 7-9 at p. 3 ("[Defendants] lack standing, as non-parties, to make just about every argument they raise"). The *Guava I* court disagreed and heard Defendants' arguments on the merits.

Defendants' standing to seek Rule 41(d) remedies is justified by Plaintiff's actions in *Guava I.* In a typical case, "one who was not a party to a previous lawsuit incurred no costs with respect to that lawsuit and accordingly is not entitled to an award of costs pursuant to Fed. R. Civ. P. 41(d)." *Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 154 (D. Minn. 1989) (awarding Rule 41(d) costs to defendant in prior state court action), *judgment vacated on other grounds*, 971 F.2d 103 (8th Cir. 1992) (affirming Rule 41(d) award). But this is not the typical case. Defendants in this action were effectively made parties to *Guava I*, drawn into the litigation by Plaintiff's allegations against them and attempts to discover information about them sufficient to name them as defendants (or at least, threaten to do so *in terrorem*), forcing them to expend attorney's fees and other costs on defensive measures. *Cf. Hochen v. Bobst Grp., Inc.*, 198 F.R.D. 11, 15 (D. Mass. 2000) ("Those non-parties who are brought in or are attempted to be brought into litigation involuntarily by one process or another have standing [to pursue Rule 11 sanctions]."), *aff'd sub nom. Nyer v. Winterthur Int'l*, 290 F.3d 456, 459-60 (1st Cir. 2001).

Application of Rule 41(d) does not require that the two actions have identical parties, nor that the prior action have been dismissed against all defendants. "The rule does not limit the district court's authority to stay or dismiss proceedings only with respect to those parties who were defendants in the first action." *Esposito v. Piatrowski*, 223 F.3d 497, 499-500 (7th Cir. 2000) (affirming Rule 41(d) stay applied to non-parties to the first action).[2] "[W]here Rule 41 speaks of [a dismissed] 'action,' this means all of the claims against any one defendant, and not necessarily all of the claims against all defendants." *Leroux v. Lomas & Nettleson Co.*, 626 F. Supp. 962, 966 (D. Mass. 1986 (discussing Rule 41(a)).

---

[2] *See also, e.g., Simeone*, 125 F.R.D. at 154 (staying proceedings against defendant who was not a party to a prior state court action); *Groom v. Bank of Am.*, No. 08-cv-2567, 2010 U.S. Dist. LEXIS 16082, at *14 (M.D. Fla. Feb. 22, 2010) (awarding Rule 41(d) costs, attorney's fees, and stay where prior action was still pending) ("Obviously, the parties in these two actions are not identical. The claims asserted, however, involve the same alleged Ponzi scheme."); *Lubier v Modern Acoustics*, 178 F.R.D. 17 (D. Conn. 1998) (awarding Rule 41(d) costs and attorney fees though there was not identity of parties in the prior action); *Starr v. Hill*, No. 10-2070, 2010 U.S. Dist. LEXIS 59889 (W.D. Tenn. June 16, 2010) (awarding Rule 41(d) costs where prior action was still pending and there was not identity of parties).

Rule 41(d) is also routinely applied beyond its express terms in order to effectuate its purpose of deterring vexatious litigation. For example, the Ninth Circuit held that "'[t]he fact that Rule 41(d) deals only with the situation where plaintiff's prior dismissal was voluntary does not preclude the court, in the exercise of a sound discretion, from staying plaintiff's action pending payment of costs in a prior action where the dismissal was involuntary.'" *Hacopian v. U.S. Dep't of Labor,* 709 F.2d 1295, 1297 (9th Cr. 1983) (quoting J. Moore, Moore's Federal Practice ¶ 41.16 at 226-27 (2d ed. 1982)). To effectuate the purposes of Rule 41(d), courts have ordered costs to be paid by plaintiff's counsel rather than plaintiff. *See Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581 (M.D. Ga. 1989). And the court in *Chevron Corp. v. Donziger*, No. 11 Civ. 0691, 2012 U.S. Dist. LEXIS 107693 (S.D.N.Y. July 31, 2012), applied Rule 41(d) to deny defendants leave to amend to withdraw an affirmative defense, holding that "[w]hile Rule 41 by its terms applies only to the voluntary dismissal of actions, its logic applies here." *Id.* at *113.

As in *Chevron*, the "logic" of Rule 41(d) fits Defendants' circumstances and applying its protections would further the policies that animate the Rule. *See id.* at *112-14 & n.261 (noting that the Rule is intended to deter forum-shopping and vexatious litigation); *see also id.* at *113 ("Its purposes include preventing a plaintiff from subjecting a defendant to the cost and expense of litigation and then, if the plaintiff fears an unwanted result in the court in which the action is pending, stealing away only to refile elsewhere."). Allowing Defendants to recoup their costs from the prior action would stop Plaintiff from roving from jurisdiction to jurisdiction, inflating the cost of litigation to obtain ransom settlements, and require it to settle on a proper forum.

Neither this Court nor the First Circuit has ruled on how Rule 41(d) applies to a non-party in an earlier action. However, courts in this Circuit have not confined the protections of Rule 41 to a hyper-technical or purely nominal understanding of the term "party." For example, both Rule 41(a) and Rule 41(b) are available to non-parties where they and the defendant are "the same or substantially the same or in privity in both actions." *Am. Cyanamid Co. v. Capuano*, 381 F.3d

6, 17 (1st Cir. 2004) (quoting 5 Moore's Federal Practice § 41.04 (2d ed. 1996)) (holding "two-dismissal" rule of Rule 41(a) available to non-party privies of the defendant); *see also Kudaroski v. Hellmuth*, No. 79-2489, 1981 U.S. Dist. LEXIS 9476, at *7 (D. Mass. Mar. 16, 1981) (dismissing claims against new defendants where claims had already been dismissed against defendants' privies pursuant to Rule 41(b)). These cases apply Rule 41 as intended, to discourage harassing, annoying and vexatious litigation, even where a plaintiff might attempt to circumvent the intendment of the Rule by declaring the movant a "non-party." Further, the remedies available under Rules 41(a) and (b) are far harsher than those that protect defendants under Rule 41(d).[3] Yet if Plaintiff were to dismiss this action, Defendants could move pursuant to Rule 41(a) to preclude another refiling.[4]   *See Am. Cyanamid Co.,* 381 F.3d at 17. It would create a strange asymmetry within Rule 41 to exclude these Defendants from the less drastic protections of Rule 41(d).

Plaintiff's withdrawal of claims against Defendants in the Illinois action operated as a voluntary dismissal. "[W]hen a plaintiff 'seeks the equivalent of a voluntary dismissal through some other procedural device, the court may treat the application as if made under Rule 41(a)(2).'" *Dee-K Enters.v. Heveafil SDN. Bhd.*, 177 F.R.D. 351, 356 (E.D. Va. 1998) (quoting 8 Moore's Federal Practice § 41.40[4][a]). Plaintiff began the prior action alleging that Defendants were co-conspirators, but retracted those claims in its notice of withdrawal: "Plaintiff ... at

---

[3] *Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 81 (1st Cir. 2009) ("Dismissal with prejudice is different from other sanctions.") (citing *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 4 (1st Cir. 2006) (describing dismissal as "the harshest sanction")); *Ortiz-Anglada v. Ortiz-Perez*, 183 F.3d 65, 67 (1st Cir. 1999) (describing dismissal with prejudice for failure to prosecute as "drastic"); *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1075-76 (1st Cir. 1990) (describing dismissal as "the most severe sanction")).

[4] Likewise, *res judicata* would preclude any Guava from relitigating any claims that may be finally adjudicated in any case alleging Defendants are co-conspirators. *See Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) ("unnamed co-conspirators sued in a subsequent suit could assert a claim preclusion defense when plaintiff had sued other conspirators on the same claims in the first suit") (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 841-42 (3d Cir. 1972)). Rule 41(d) and *res judicata* serve many of the same policies. See *id.* at 14 ("The doctrine of claim preclusion serves at least two important interests: protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation."). Defendants have properly moved this Court for more modest relief, seeking not to preclude Plaintiff's claims, but to require it to pay costs incurred in *Guava I* before relitigating in this Court.

present, does not intend to assert claims against them in this lawsuit." ECF No. 7-8 at p. 1. Plaintiff does not deny that it withdrew Defendants from the action after they obtained a stay of discovery to avoid further adverse rulings. But Plaintiff contends that this did not constitute a dismissal. In support, Plaintiff cites only *Beam Laser Systems, Inc. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515 (E.D. Va. 2000), which is inapplicable. *Beam* held that Rule 41(d) does not apply to a plaintiff who files only one lawsuit, then dismisses it upon intervening in a later action brought by a defendant. But these Defendants did not file this lawsuit. This Plaintiff has brought far more than one lawsuit targeting Defendants, and "like any plaintiff who chooses to dismiss then re-file an action against a defendant, should expect and accept the consequences of that decision." *Groom v. Bank of Am.*, No. 08-cv-2567, 2010 U.S. Dist. LEXIS 16082, at *14 (M.D. Fla. Feb. 22, 2010).

### III.   Even if Defendants lacked standing to request relief pursuant to Rule 41(d), the Court may award the same remedies sought pursuant to its inherent powers.

Regardless of whether Defendants were parties to the prior action within the meaning of Rule 41(d), the Court has the authority to apply Rule 41(d) remedies pursuant to its inherent power to sanction bad faith litigation tactics. Indeed, more than a century before the enactment of the Federal Rules in 1938, the Supreme Court affirmed the imposition of costs accrued in an earlier suit that had been brought in the name of a different plaintiff: "It was perfectly consistent with the justice of the case, that when these plaintiffs sued the same defendant in their own name, for the same land, they should reimburse him for the past costs to which they had subjected him before they should be permitted to proceed further." *Henderson v. Griffin*, 30 U.S. 151, 158-59 (1831). Thus, it is within the Court's inherent power to tax the costs of a prior action on a plaintiff who was sufficiently related to the plaintiff in the prior action. The same authority extends equally to the protection of sufficiently related defendants. Therefore, even if the Court does not find that Rule 41(d) directly applies, it should order a stay and payment of costs

pursuant to its inherent powers. *See Whitehead*, 126 F.R.D. at 582-83 (awarding Rule 41(d) stay with costs to be paid not by plaintiff but its counsel, based on "federal court's inherent authority to assess attorney's fees against counsel") (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 919 (1982)); *Jurin v. Google*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) ("Rule 41(d) is an expression of the Court's inherent power"); *Hacopian*, 709 F.2d at 1296 ("Courts have consistently found the power to dismiss an action for nonpayment of costs in a prior action to be part of the inherent power of the courts." (collecting cases)).

## IV.   Defendants have standing to seek a protective order under Rule 26(c).

Plaintiff also contends that Defendants lack standing to move for a protective order, arguing once more that Defendants "are not parties to this case as no one has yet been named or served." ECF No. 9 at p. 6. Other Courts have made short work of this argument:

> The court notes that it cannot ignore the inconsistency of the plaintiff's position that the Doe defendant lacks standing to pursue a motion ... because it has not been named or served, but at the same time refer throughout the ... complaint to the 'Defendant' who the plaintiff expressly identifies in the … complaint as the person with [a particular] Internet Protocol address ...

*Millenium TGA, Inc. v. Doe*, No. 10-cv-05603, 2011 U.S. Dist. LEXIS 94746, *3-4 (N.D. Ill. Aug. 24, 2011) (Steele Hansmeier PLLC, predecessor to Prenda Law, for plaintiff).[5]

Rule 26(c) allows for motions by a party. Even a fictitiously named defendant who identifies himself as the unnamed party is fully entitled to defend the claim against him. *See Wilson v. Frakes*, 178 Cal. App. 2d 580, 581 (Cal. Ct. App. 1960) (allowing defendant sued as John Doe to file an answer and be declared a party defendant). In essence, Plaintiff's position is that Defendants have no right to prevent disclosure of their personally identifying information to

---

[5] Se also, in similar mass copyright infringement cases, *Mick Haig Prods. E.K. v. Does 1-670*, 687 F.3d 649, 651 (5th Cir. 2012) ("The court permitted the Does an opportunity to reply to [plaintiff's counsel's] response [to Doe defendants' motion for sanctions"); See *In re Ingenuity 13 LLC*, No. 11-mc-00084, 2012 U.S. Dist. LEXIS 56062, at *3-4 (E.D. Cal. Apr. 19, 2012) (respondents had standing to challenge Rule 27 petition and to seek to quash subpoenas seeking information concerning respondents, despite petitioner's argument that "they are not anticipated adverse parties").

Plaintiff until after Plaintiff receives that information and "decide[s] whom (and if) to name as the Defendant in this suit, and amend[s] the Complaint accordingly." ECF No. 9 at p. 6. Nothing in Rule 26(c) suggests it should be available to an unnamed defendant only once it is worthless.

Plaintiff cites two cases from other districts in which copyright trolls defeated Rule 26(c) motions, ignoring the weight of contrary cases squarely on point in which this Court ordered protections for as-yet unserved John Doe defendants. *See, e.g., Disc. Video Ctr. v. Does 1-29*, No. 12-10805, 2012 U.S. Dist. LEXIS 112518, at *18-19 (D. Mass. Aug. 10, 2012) (requiring plaintiff to "propose a Protective Order ensuring the confidentiality of the subscribers' identifying information unless or until the plaintiff has a good faith basis to seek leave to amend the complaint to name individual subscriber(s) as Defendants"); *Patrick Collins, Inc. v. John Does 1-79*, No. 12-10532, 2012 U.S. Dist. LEXIS 118506, at *21 (D. Mass. Aug. 22, 2012) (same); *cf. Third Degree Films v. Does 1-47*, No. 12-10761, 2012 U.S. Dist. LEXIS 142079 (D. Mass. Oct. 2, 2012) (ordering separate trials as a protective measure under Rule 20(b)).

Equally unavailing is Plaintiff's argument that Defendants lack standing to move for a protective order over subpoenas issued to third parties. *See Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-40007, 2012 U.S. Dist. LEXIS 54216, at *31 (D. Mass. Apr. 18, 2012) (granting protective order where "[p]laintiff contends that defendants lack standing to [object to] its discovery requests because the subpoenas were issued not against them but against third parties"). To have standing to oppose third-party discovery, "the moving party [must] have an interest in the subject matter of the disclosure." *Id.* at *32.[6] Defendants' interest in the personally

---

[6] As the Court held in *Accusoft*, "[t]hat requirement [for motions to quash under Rule 45(c)]... applies with essentially the same force to a motion for a protective order under Rule 26(c)." *Id.* at *32. A party with "sufficient interest to warrant its intervention" has standing to move to quash, "notwithstanding that it is not the party subpoenaed." *Taylor v. Litton Med. Prods., Inc.*, 19 Fed. R. Serv. 2d 1190, 1975 WL 166114, at *3 (D. Mass. Jan. 23, 1975) (granting defendants' motion to quash). "Courts have found standing in similar cases, even where the Movant's privacy interest is minimal at best." *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 U.S. Dist. LEXIS 121368, at *5 (N.D. Ill. Aug. 27, 2012) (internal quotation omitted) (*citing Third Degree Films, Inc. v. Does 1-108*, No. 11-cv-03007, 2012 U.S. Dist. LEXIS 25400, at *7-8 (D. Md. Feb. 28, 2012) ("parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party.") (internal quotation omitted).

identifying information held by their Internet service providers is both personal and, under the 1992 Cable Act, statutory. *See Disc. Video Ctr.*, 2012 U.S. Dist. LEXIS 112518, at *15 (recognizing the moving Internet subscribers' "privacy interest created by Congress" in 47 U.S.C. § 551); *Patrick Collins*, 2012 U.S. Dist. LEXIS 118506, at *18 (same). Defendants have standing to contest third-party discovery, grounded in their interest in privacy, and in not being subjected to extortionate demands. *See, e.g., Disc. Video Ctr.*, 2012 U.S. Dist. LEXIS 112518, at *15 (recognizing Internet subscribers' "understandabl[e] concern[] about the prospect of the threatened public identification as a copyright infringer of" pornography); *Patrick Collins*, 2012 U.S. Dist. LEXIS 118506, at *18 (same).

Plaintiff's standing argument is also beside the point, as the Court must enter a protective order "[o]n motion or on its own" to restrict discovery requests it finds unreasonably duplicative. Fed. R. Civ. P. 26(b)(2)(C). "Because this Court could effect the relief that defendants request *sua sponte*, it is not precluded from reaching the same result merely because defendants have taken the initiative." *Accusoft Corp.*, 2012 U.S. Dist. LEXIS 54216, at *33.

Moreover, Defendants have standing to seek protection from discovery by subpoenas issued from other courts. "[A] party may seek a Rule 26(c) protective order to preclude another party from obtaining discovery from a non-party via subpoena issued by another court." *Chevron Corp. v. Donziger*, 11 Civ. 0691, 2012 U.S. Dist. LEXIS 179614, at *10 (S.D.N.Y. Dec. 19, 2012) (internal quotations omitted). "Certainly, [the court in which the action is pending] has the obligation to insure that another district does not broaden the scope of discovery beyond what would be allowed in this Court or otherwise enter an order that would be inconsistent with the scope of discovery already drawn by this Court." *Id.* at *10-11 (quoting *Rajala v. McGuire Woods, LLP*, No. 08-2638, 2010 U.S. Dist. LEXIS 120679, 2010 WL 4683979, at *5 (D. Kan. Nov. 12, 2010)). "Accordingly, this Court may entertain the motion for a protective order in furtherance of its obligation 'to control the broad outline of discovery' in this case and to prevent

any attempt to seek broader discovery in other districts than has been or would be permitted here, where the action is pending." *Id.* at *13 (internal citation omitted). Thus, Defendants' standing to seek a protective order is also established by the enormous burden imposed on them in contesting multiple duplicative discovery requests. *See* ECF No. 7 at 17-18 (discussing undue burden that would be imposed by requiring Defendants to contest discovery in multiple jurisdictions at once).

## CONCLUSION

Plaintiff may not proceed unless there is a case or controversy, and its insistence that this action has no defendant warrants dismissal. If permitted to proceed, Plaintiff's forum shopping and vexatious litigation tactics call for protection under Rules 41(d) and 26(c). Defendants are within the intendment of those Rules, and the Court further has authority to grant Defendants' requested relief pursuant to its inherent powers. Defendants' Motion may be considered and should be granted for the reasons given therein and in the above Reply. Defendants respectfully renew their motion to this Court to order Plaintiff to pay Defendants' costs in the prior action, including attorney's fees, and to stay these proceedings, and any discovery in any related case, until such costs have been paid.

Dated: January 10, 2013

Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883
dbooth@boothsweet.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 11, 2013, I electronically filed the foregoing Defendants' Reply to Plaintiff's Response to Motion for Costs, Stay of Proceedings, and Protective Order by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for Plaintiff as identified on the Notice of Electronic Filing.

/s/  Daniel G. Booth