## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                      )
GUAVA, LLC,                           )
                                      )
    **Plaintiff,**         )
                                      )    **Civil Action No.**
    **v.**                 )    **12-11880-FDS**
                                      )
JOHN DOE,                             )
                                      )
    **Defendants.**         )
_____)

## MEMORANDUM AND ORDER ON MOTION
## FOR COSTS, STAY OF PROCEEDINGS, AND PROTECTIVE ORDER

**SAYLOR, J.**

    This action arises out of the allegedly unauthorized access of the website of plaintiff

Guava, LLC and its content (which is apparently pornographic in nature) by a number of

individual hackers.  The hackers are identifiable only by the Internet Protocol ("IP") addresses

from which they accessed the site.  Three individuals who contend that they are associated with

IP addresses identified by plaintiff as corresponding to "John Doe" defendant(s) (addresses

209.6.50.65, 209.6.72.13, and 66.189.69.147) have jointly moved for costs, a stay of the

proceedings, and a protective order.  Those individuals contend that they were defendants in a

prior action involving Guava in Illinois state court.[1]  They contend that they are now defendants

in the present action, as well as duplicative actions in other district courts,[2] and that they are

_____

[1] The Illinois action, which is still pending, is *Guava, LLC v. Skyler Case*, No. 2012-L-007363 (Ill. Cir. Ct. 2012).

[2] According to the movants, Guava has filed ten separate actions in district courts across the country.  *See Guava LLC v. John Doe,* 12-cv-00678 (S.D. Ala. 2012), *Guava, LLC v. Does 1-5*, 12-cv-08000 (N.D. Ill. 2012); *Guava, LLC v. John Doe*, 12-cv-01435 (D. Conn. 2012); *Guava, LLC v. John Doe*, 12-cv-02514 (E.D. Cal. 2012); *Guava, LLC v. John Doe*, 12-cv-00398 (M.D. Ga. 2012); *Guava, LLC v. John Doe*, 12-cv-14441 (E.D. Mich. 2012);

entitled to relief from the burdens of this litigation under Fed. R. Civ. P. 41(d).[3]  The individuals

also contend they are entitled to a protective order pursuant to Fed. R. Civ. P. 26 for substantially

the same reasons.[4]

The individuals appear to be concerned with their identities becoming part of the public

record in this case, or any of the other cases, which all involve allegations of illegal access of

pornographic material.  However, this concern does not alone entitle them to relief under Rule

41(d); they must demonstrate that they are *defendants*, rather than just interested persons, in

duplicative actions to come under the protection of the rule.  The Court is at present unpersuaded

by movants' arguments that they should be regarded as defendants in this action, in the prior

Illinois action, or in other actions brought by this plaintiff in other district courts.

These individuals have not yet been formally named as defendants in any action.  Instead,

their IP addresses have been included in appendices to various complaints and in subpoena

requests.  In this action, their IP addresses are included in Exhibit A to the complaint, which

purports to list IP addresses "assigned to Doe Defendant by his or her Internet Service Provider."

(Compl. ¶ 3).  At the very least, there is considerable doubt whether the listing of IP addresses in

an appendix to the complaint, as evidence tending to identify the "John Doe" defendant(s),

renders them defendants in *this* action.  Putting that aside, however, there is no evidence in the

---

*Guava, LLC v. John Doe*, 12-cv-01661 (D.D.C. 2012); *Guava, LLC v. John Doe*, 12-cv-02512 (N.D. Ohio 2012); *Guava, LLC v. John Doe*, 12-cv-02158 (D. Ariz. 2012).

[3] Fed. R. Civ. P. 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

[4] Fed. R. Civ. P. 26(c)(1) provides that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

record that suggests that these individuals are defendants in any other pending or prior action. Indeed, by their own admission, their IP addresses are included as evidence identifying purported "co-conspirators," as distinct from defendants, in the other actions outside this Court.[5] This is further corroborated by Exhibit A to the plaintiff's Motion for Leave to Take Expedited Discovery, which lists not 3, but 34, IP addresses described as belonging to "Defendant *and his or her co-conspirators*." The Court is not at this time prepared to make the determination that by including their IP addresses as those of "co-conspirators" in other actions, plaintiff has named these individuals as defendants to those actions. Accordingly, the motion for costs and a stay of proceedings under Rule 41 will be denied. The denial will be without prejudice to its renewal should the circumstances change or become clarified.

Unlike Rule 41, however, Fed. R. Civ. P. 26(c) applies to persons who are not formally parties to the litigation, but who may be subject to "annoyance, embarrassment, oppression, or undue burden or expense" as a result of discovery processes. The Court previously granted plaintiff's motion for leave to take expedited discovery, permitting plaintiff to serve Rule 45 subpoenas on Internet Service Providers to obtain the names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of individuals associated with the 34 IP addresses listed in Exhibit A to the motion. The Court recognizes that the individuals who are associated with those IP addresses, including those who have filed the present motion, have significant privacy interests in the identifying information obtained through the subpoenas that could be made public or used to unfair coercive effect. Therefore, the Court

---

[5] There is some argument that this distinction is unclear in the District of Columbia action, but no proof has been offered to demonstrate how or why one of the numerous actions by this plaintiff would be anomalous in this regard.

believes it is appropriate to protect that information from disclosure and from use by plaintiff outside the limited context of this litigation until good cause can be shown why and how such disclosure or use should be permitted.  Accordingly, the Court will issue a protective order to that effect.

For the foregoing reasons, the motion for costs and a stay of proceedings pursuant to Fed. R. Civ. P. 41(d) is DENIED, and the motion for a protective order pursuant to Fed. R. Civ. P. 26 is GRANTED in part.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  February 6, 2013