## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUAVA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civ. A. No. 1:12-cv-11880-FDS |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Defendant. | ) |

## INTERESTED PARTIES' JOINT MOTION TO DISMISS PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3)

Interested parties 209.6.50.65, 209.6.72.13 and 66.189.69.147[1] (collectively, "Movants") respectfully move pursuant to Federal Rule of Civil Procedure 12(h)(3) to dismiss this action for lack of subject matter jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiff Guava, LLC ("Plaintiff") filed suit in Illinois state court seeking discovery of Movants' personally identifying information. Movants moved to oppose discovery, and the state court stayed Plaintiff's subpoenas, ordering Plaintiff to issue no more subpoenas until authorized. Plaintiff withdrew those subpoenas and opened this action to circumvent the state court's order by seeking the same discovery. Federal district courts have no jurisdiction over suits by which plaintiffs seek to reverse and nullify state court discovery orders. *Narragansett Indian Tribe v. Banfield*, 294 F. Supp. 2d 169, 171-74 (D.R.I. 2003). Because Plaintiff may not appeal the Illinois state court's judgment to a Massachusetts federal district court, this action must be dismissed for lack of subject matter jurisdiction under Rule 12(h)(3).

---

[1] Movants are Internet subscribers denominated herein after the IP addresses over which Plaintiff alleges copyright infringement occured. (*See* ECF No. 1 ¶ 3; ECF No. 1-1; ECF No. 7 p. 1 n.1.)

## PROCEDURAL HISTORY

In an ongoing Illinois state court proceeding, Plaintiff sought and obtained an order authorizing disclosure of Movants' personally identifying information from their Internet service providers. See Agreed Order, *Guava, LLC v. Case*, No. 2012-L-007363 (Ill. Circ. Ct. Cook Cty. entered July 30, 2012). (ECF No. 7-2.) Movants filed motions to dismiss, for protective orders, and to quash the subpoenas Plaintiff issued to their Internet service providers before the information was disclosed. (ECF Nos. 7-3 & 7-4 (motions filed by Movants 209.6.50.65 and 209.6.72.13 on September 12, 2012); ECF Nos. 7-5 & 7-6 (motions filed by Movant 66.189.69.147 on September 25, 2012).) On October 4, 2012, the Illinois state court issued an order staying all pending subpoenas and forbidding Plaintiff from issuing any further subpoenas until further order. The state court's handwritten order states, in pertinent part:

> This matter coming before this court on non party's emergency TRO, and the parties agreeing to the non-parties requests to inform non-parties ISP to withhold the information, the Court orders, in addition, the following:
>
> (1)  Outstanding subpoenas not yet complied with by Internet service providers are stayed until further order of this court.
>
> (2)  The plaintiff shall not issue any further subpoenas until further order of this court.
>
> (3)  ...
>
> (4)  The hearing regarding all matters pending before the court including [Plaintiff] petitioners' as yet filed motion to renew subpoena compliance by third party ISPs [] Oct. 20, 2012 at 10:30 am.
>
> (5)  ...
>
> (6)  Counsel for plaintiff is ordered to notify all subpoenaed Internet service providers of the entry of this Order immediately by email, send a hard copy by regular mail, and attempt to contact said ISP's by telephone.

(ECF No. 7-7 (Order, *Guava, LLC v. Case*, No. 2012-L-007363 (Ill. Circ. Ct. Cook Cty. entered Oct. 4, 2012)).)

The next day, Plaintiff withdrew its subpoenas, to the extent that such subpoenas sought information relating to IP addresses associated with the three Movants and other Internet subscribers who had also moved to oppose discovery. (*See* ECF No. 7-8 (Plaintiff's Notice of Withdrawal of Subpenas [*sic*] Relating to the Identity of Certain Internet Protocol Address Owners, *Guava, LLC v. Case*, No. 2012-L-007363 (Ill. Circ. Ct. Cook Cty. filed Oct. 5, 2012)).)

On October 5, 2012, the same day Plaintiff noticed its withdrawal in Illinois, it opened this action through the Court's Electronic Case Files system. Plaintiff then filed its Complaint on October 9, 2012. (ECF No. 1.) It declared, "Plaintiff cannot ascertain Defendant's actual identity without limited expedited discovery." (*Id.* ¶ 3.) It further stated, "Defendant is known to Plaintiff only by individual IP addresses," and alleged that the Movants' three IP addresses were all used by the sole Defendant in this action. (*Id.*; ECF No. 1-1.)

Plaintiff filed a parallel suit against Movants in the U.S. District Court for the Southern District of Alabama on October 26, 2012. (ECF No. 7-10.) Plaintiff brought that action against each of the thirty-four individuals (including Movants) who were subject to the subpoenas that the Illinois court stayed. (*Compare* ECF No. 7-8 (listing IP addresses Plaintiff withdrew from subpoenas in Illinois action) *with* ECF No. 7-11 (IP addresses of defendants in Southern District of Alabama action).) On November 2, 2012, Plaintiff declared that it had "initiated separate litigation against [Movants] in which they will now be actual defendants." (ECF No. 7-9 p. 1.)

On November 12, 2012, Plaintiff sought leave from this Court "to serve limited, immediate discovery on third party Internet Service Providers ("ISPs") to determine the

identities of the Doe Defendant and his or her co-conspirators." (ECF No. 5 p. 1.) Plaintiff again requested subpoenas to obtain personally identifying information for each of the same thirty-four individuals, including Movants. (*Compare* ECF No. 5-1 (listing IP addresses for which Plaintiff seeks discovery in this action) *with* ECF No. 7-8 (listing IP addresses Plaintiff withdrew from subpoenas in Illinois action).) Plaintiff sought the same discovery in multiple parallel federal actions, including the Southern District of Alabama action. (*See* ECF No. 7 p. 4.)

The Court granted Plaintiff's request for subpoenas on November 14, 2012. (ECF No. 6.) Plaintiff issued new subpoenas to Movants' Internet service providers pursuant to the Court's order. Before the service providers complied, Movants jointly moved for a stay of the proceedings and a protective order to require Plaintiff to, among other things, withdraw its subpoenas issued in this action and any parallel federal action. (ECF No. 7.) Plaintiff filed an opposition on December 27, 2012 declaring that "Movants … are not even defendants in this instant action." (ECF No. 9 pp. 5-6 ("Movants are not parties to this case").) On February 6, 2013, the Court denied the stay and granted the motion for protective order in part. (ECF No. 14.) The Court did not find that Movants "should be regarded as defendants in this action, in the prior Illinois action, or in other actions brought by this plaintiff in other district courts. [Movants] have not yet been formally named as defendants in any action." (*Id.* p. 2 (expressing "considerable doubt" whether Movants are defendants in this action).)

The state court action is still ongoing. Plaintiff has not, pursuant to the state court's order, filed a "motion to renew subpoena compliance by third party ISPs." (ECF No. 7-7 ¶ 4.) The state court has not lifted the order staying discovery and barring new subpoenas. In hearings, it has repeatedly affirmed the order, most recently on January 8, 2013.

**LEGAL STANDARD**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Perrodin v. United States*, 350 F. Supp. 2d 706, 708 n.1 (D.S.C. 2004). (citations omitted). "The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party. For purposes of this case, the motions are analytically identical because the only consideration is whether subject matter jurisdiction arises." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n.3 (3d Cir. 1992) (internal citations omitted).

"[F]ederal courts … must satisfy themselves that subject-matter jurisdiction has been established." *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005); *accord Coulter v. Ramsden*, No. 12-978, 2012 U.S. Dist. LEXIS 118043, at *5 (W.D. Pa. July 31, 2012) (recommending dismissal *sua sponte* pursuant to Rule 12(h)(3) "[a]lthough the defendants have not yet been served and raised the issue"). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Instead, the proponent—here, the plaintiffs—must carry the burden of demonstrating the existence of federal jurisdiction." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (2004). "[A] motion under Rule 12(h)(3) need not state with particularity the grounds in favor of dismissal in order to succeed, as do other motions." *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005), *rev'd in part on other grounds*, No. 82-cv-0783, 2005 U.S. Dist. LEXIS 44673 (N.D.N.Y. Oct. 11, 2005). Instead, raising the contention

5

that subject matter jurisdiction is lacking shifts the burden of proof to the party asserting that jurisdiction exists. *Id.* (citations omitted).

"A district court has very broad discretion in determining the manner in which it will consider the issue of jurisdiction." *Valedon Martinez v. Hospital Presbiteriano*, 806 F.2d 1128, 1132 (1st Cir. 1986) (citations omitted) (affirming district court's determination as "not clearly erroneous"). On a jurisdictional question independent of the factual elements of the substantive claim, the plaintiff's pleadings are not "accepted as true for the purposes of the motion." *Wells Real Estate v. Greater Lowell Bd. of Realtors*, 850 F.2d 803, 812 (1st Cir. 1988) (distinguishing 12(b)(1) and 12)(b)(6) standards).

## ARGUMENT

### I.      Movants Have Standing to Challenge Subject Matter Jurisdiction.

Movants are Internet subscribers whose IP addresses Plaintiffs identify with the Defendant's wrongful acts. (*See* ECF No. 1 ¶ 3; *see also id*. ¶¶ 21-22 (discussing "Defendant's IP addresses")). Plaintiff has declared that "Movants are not parties to this case." (ECF No. 9 p. 6.) The Court has not found that Movants "should be regarded as defendants in this action." (ECF No. 14 p. 2.)

Even as nonparties, Movants have standing to challenge the action for lack of subject matter jurisdiction. "Because this is a challenge to the court's subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3) permits it to be brought to the court's attention by persons other than the parties to the action." *New York v. Waterfront Airways, Inc.*, 620 F. Supp. 411, 413 (S.D.N.Y. 1985). A nonparty may file "a suggestion of lack of subject matter jurisdiction ... pursuant to Rule 12(h) (3)." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1430, 1440 (9th Cir. 1987). "This

6

interpretation of Rule 12(h)(3) makes sense, considering that a court may itself assert that subject matter jurisdiction is lacking—whether or not upon a suggestion by a nonparty." *Canadian St. Regis Band of Mohawk Indians*, 388 F. Supp. 2d at 36 n.10 (citing 5C Wright & Miller, Federal Practice and Procedure § 1393 at 545 (3d ed. 2004)). "It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *In re Reticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988).

The Court has also not found that Movants were parties to the prior state action. (ECF No. 14 pp. 2-3.) Nonetheless, a nonparty to a prior state action may invoke the *Rooker-Feldman* doctrine against a party thereto. *Baker v. Nesi*, No. 11-cv-11899, 2011 U.S. Dist. LEXIS 138853, at *11 (D. Mass. Dec. 2, 2011) (collecting cases); *Baker v. Kaufman*, No. 11-cv-11573, 2011 U.S. Dist. LEXIS 128696, at *4 n.2 (D. Mass. Nov. 2, 2011) (collecting cases). Indeed, even if no defendant invokes the doctrine, "if there is any question this Court must consider, *sua sponte*, whether it possesses subject matter jurisdiction, which may invite application of *Rooker-Feldman*." *Munroe v. McGee*, 478 F. Supp. 2d 110, 119 (D. Mass. 2007) (citing *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 44 (1st Cir. 2003)).

Before its 2007 revision, Rule 12(h)(3) expressly provided that jurisdictional flaws need not be raised by a party: "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (2000) (emphasis added). The 2007 amendments to Rule 12 did not change that subtantive standard, as they were "intended to be stylistic only." Fed. R. Civ. P. 12 advisory committee note (2007 amendment). "Interpreting the current version of the Rule in light of the

previous version of the rule, it is apparent that a third-party may suggest to the Court that it does not have jurisdiction." *AAA Nev. Ins. Co. v. Chau*, No. 08-cv-00827, 2009 U.S. Dist. LEXIS 109198, at *4-5 (D. Nev. Nov. 4, 2009) (dismissing pursuant to Rule 12(h)(3)) (citation omitted), *rev'd on other grounds*, 2010 U.S. Dist. LEXIS 51258 (D. Nev. Apr. 30, 2010).

The Court recognizes that Movants have "significant privacy interests in the identifying information obtained through the subpoenas that could be made public or used to unfair coercive effect." (ECF No. 14 p. 3.) Those interests would be undermined if the Court permits Plaintiff to sidestep the Illinois Circuit Court's order. Thus, Movants' standing is further predicated on "the fundamental premise that the nonparty should not be denied the right to object to the very jurisdictional exercise that causes the injury." *United States Catholic Conf. v. Abortion Rights Mobilization*, 487 U.S. 72, 78 (1988) (nonparty witnesses had standing to challenge district court's subject matter jurisdiction).

## II.   The *Rooker-Feldman* Doctrine Mandates Dismissal Pursuant to Rule 12(h)(3).

"Lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions." *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995). "The *Rooker-Feldman* doctrine prohibits federal district and circuit courts from reviewing state court judgments." *Sheehan v. Marr*, 207 F.3d 35, 39-40 (1st Cir. 2000). "[T]he doctrine is widely used by the federal court to prevent end-runs around state judgments." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003). "It is not necessary that the federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate a state judgment." *Id.* "*Rooker-Feldman* … precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or

void its holding." *In re Middlesex Power Equip. & Marine, Inc.*, No. 92-cv-20482, 2001 U.S. Dist. LEXIS 24294, at *16 (D. Mass. Aug. 14, 2001) (internal quotation omitted), *aff'd on other grounds*, 292 F.3d 61, 70 (1st Cir. 2002) ("If appellant is dissatisfied with the conclusion reached by the state Land Court, its remedies are through the state system.").

The Illinois Circuit Court rebuffed Plaintiff's pursuit of Movants. It stayed subpoenas Plaintiff issued to obtain Movants' personally identifying information and ordered Plaintiff not to issue further subpoenas without authorization. Plaintiff chose not to appeal or move for reconsideration. Instead, in this Court and other federal courts, Plaintiff attempted a *de facto* appeal of the unfavorable state court discovery order. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999), quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 23, 25 (1987) (Marshall, J., concurring) (discussing *Feldman*).

"The *Rooker-Feldman* doctrine precludes review of state interlocutory orders, not just final judgments." *Plymouth & Brockton St. Ry. v. Leyland*, 941 F. Supp. 14, 16 (D. Mass. 1996). "United States courts of appeals have applied the *Rooker-Feldman* doctrine to interlocutory orders as well as final judgments on the merits." *S. Boston Allied War Veterans Council v. Zobel*, 830 F.3d 643, 647 (D. Mass. 1993) (citations omitted). The First Circuit has anticipated applying the doctrine in a scenario almost identical to this, where:

> the lower state court does not issue a *judgment* but merely an interlocutory order (e.g., a discovery order determining whether certain documents were privileged), and the parties then voluntarily terminate the litigation. In this case, the state court issue would be neither appealable under [28 U.S.C.] § 1257 nor preclusive under the preclusion law of most states. Nevertheless, the state proceedings have

ended, and the *Rooker-Feldman* doctrine precludes either party from later challenging the order in federal court.

*Federacion de Maestros do Puerto Rico v. Junta de Relaciounes del Trabajo de Puerto Rico*, 410 F.3 17, 24 n.10 (1st Cir. 2005). *See also Holland v. New York*, 63 Fed. Appx. 532, 534 (2d Cir. 2003) (*Rooker-Feldman* applies to "the state court's procedural rulings [including] failure to permit discovery"); *Keene Corp. v. Cass*, 908 F.2d 293, 297 & n.2 (8th Cir. 1990) (*Feldman* bars federal district court from hearing constitutional challenge to state court discovery order).

As recently as January 8, 2013, the Illinois state court reaffirmed its order to suspend Plaintiff's subpoenas for Movant's identities and for Plaintiff to refrain from issuing further subpoenas. Still, Plaintiff has sought new subpoenas for their identities in this Court and other federal courts. (*See* ECF No. 5; ECF No. 7 p. 4.) "The Rooker-Feldman doctrine is squarely applicable to this case; the relief sought in this action is nothing less than an outright reversal and nullification of the discovery order of the [state] Court." *Narragansett Indian Tribe v. Banfield*, 294 F. Supp. 2d 169, 174 (D.R.I. 2003). "Such a direct attack, under the circumstances of this case, is jurisdictionally impermissible." *Id*. As the Supreme Court explains,

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.
>
> *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005).

Plaintiff concedes that it "cannot ascertain Defendant's actual identity without limited expedited discovery." (ECF No. 1 ¶ 3.) As a result, this action could only proceed upon an order that would nullify the Illinois court's discovery order. But Plaintiff may not overcome the state court's decision in this Court. Therefore, this action must be dismissed.

**III.** *Younger* **Abstention Mandates Dismissal Pursuant to Rule 12(h)(3).**

Even where a federal claim is presented, federal courts must abstain from improper interference with pending state court litigation. *See Younger v. Harris*, 410 U.S. 37 (1971). "[A] federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

All three prongs of the test warrant *Younger* abstention. First, Plaintiff instituted the ongoing Illinois action prior to this federal action. *See Nat'l Ass'n of Gov' v. Mulligan*, 849 F. Supp. 2d 167, 176 (D. Mass. 2012) ("For the doctrine to apply, the federal-court plaintiff must itself be a party to the state-court proceedings.") (citing *Mass. Delivery Ass'n v. Coakley*, 671 F. 3d 33 (1st Cir. 2012)). Second, "the states have an important interest 'in protecting the authority of the [state] judicial system, so that its orders and judgments are not rendered nugatory.'" *S. Boston Allied War Veterans Council*, 830 F. Supp. at 649 (quoting *Pennzoil Co.*, 481 U.S. at 14 n. 12) (internal quotation omitted). The state of Illinois also has an important interest in regulating the subject matter of Plaintiff's claims where Plaintiff alleged that "a disproportionate amount of the activities alleged herein occurred in Cook County, Illinois." (ECF No. 7-1 ¶ 4.)

Third, any claims Plaintiff has raised in this Court could have been raised in Illinois. Plaintiff is already litigating two of its claims in Illinois: its sole federal claim for violation of the Computer Fraud and Abuse Act and its claim of civil conspiracy. *See generally Bettencourt v. Bd.*

11

*of Registration in Medicine of Commonwealth of Massachusetts*, 904 F.2d 772, 776 (1st Cir. 1990) (discussing "presumption that the state courts are as capable as their federal counterparts of guaranteeing federal rights"). With respect to the other two causes of action Plaintiff pleads here, it can seek amend its Illinois complaint to include conversion and negligence. Moreover, Plaintiff can still seek review of the Illinois court's order, either by motion for reconsideration or by appeal within the Illinois state courts. Principles of comity and federalism require that this end-run around the state court order be denied. "After initiating a state court proceeding, a federal plaintiff cannot escape *Younger's* reach merely by abandoning the pending state action or foregoing available state appellate remedies." *Casa Marie, Inc. v. Superior Court of Puerto Rico*, 988 F.2d 252, 264 (1st Cir. 1993).

In observance of the principles of comity and federalism, the Court should abstain from adjudicating this matter.

## CONCLUSION

WHEREFORE Movants 209.6.50.65, 209.6.72.13 and 66.189.69.147 respectfully request that the Court dismiss this action and grant Movants such other relief to which they are entitled.

Respectfully submitted,

Dated: February 13 , 2013             /s/  Daniel G. Booth

Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883

*Counsel for Interested Parties 209.6.50.65,*
*209.6.72.13 and 66.189.69.147*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned counsel hereby certifies that on this February 13, 2013, I attempted to resolve or narrow the issues addressed in the foregoing motion by sending an email to counsel of record for Plaintiff at the email address provided on the docket. Plaintiff's counsel did not respond to the email. I also provided the Court a courtesy copy of the foregoing motion at the status conference scheduled for the case today, which Plaintiff's counsel did not attend.

/s/ Daniel G. Booth

## CERTIFICATE OF SERVICE

I hereby certify that on this February 13, 2013, I electronically filed the foregoing Interested Parties' Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(h)(3) by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for Plaintiff as identified on the Notice of Electronic Filing.

/s/ Daniel G. Booth